· JOSEPH C. MOORE *vs.* JAMES W. STILLMAN. ,

NOVEMBER 15, 1907.

PRESENT:   Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Defaulted Cases.   New Trial.   Accident and Mistake.*

Where a motion to remove a default under § 428, C. & P. A., has been granted
   by the Superior Court under conditions with which defendant has not com-
   plied, the Supreme Court, under § 471, C. & P. A., can not entertain a motion
   for a trial.   The Superior Court has concurrent jurisdiction with the Su-
   preme Court of the matter, and, its jurisdiction having been invoked, its
   decision is conclusive.

PETITION FOR TRIAL under C. & P. A., § 471.   Denied.

JOHNSON, J..   Petition for a trial under section 471 of the
court and practice act.

The principal case being in order for trial in the Superior
Court, the defendant was, on January 22d, 1907, called and
defaulted, and damages were assessed by the court.   The
defendant applied to the Superior Court, under § 428, C. & P.
A., to set aside the default and reinstate the case, and on Feb-
ruary 2d, 1907, his motion was granted under certain condi-
tions with which he has not complied.   He now comes to this
court on a petition for a trial, under § 471, C. & P. A., on the
ground of mistake in that he understood that the case would
not be brought to trial before January 23d, 1907.

After default the defendant could apply to the court where
the judgment of default was rendered to set aside the same and
reinstate the cause, as he did, or he could petition this court
for a trial.   But because he could do either of these things,
it by no means follows that he could do both.

In *Curry* v. *Swett*, 13 R. I. 476, the plaintiff, after a default
in the Court of Common Pleas, presented to said court a peti-
tion for a new trial, under Gen. Stat. cap. 210, § 9,
alleging that his not appearing to prosecute resulted from
accident or mistake, which petition was heard and dismissed
and judgment entered for the defendant for costs.   He then

presented a petition to the Supreme Court for a new trial, upon the same grounds. A new trial was denied and the petition was dismissed, the court saying: "Under cap. 210, § 9, the Court of Common Pleas has jurisdiction concurrently with this court over petitions for new trial of the kind there designated, and, therefore, after a new trial has been refused by that court, we have no more right to grant it, unless new grounds are alleged, than that court would have after it had been refused by this court. A decision by either court is conclusive."

In *Kinkead* v. *Keene*, 22 R. I. 336, after a default in the Common Pleas Division, a petition to take off the default, under Gen. Laws cap. 246, § 2, was heard and denied by said Common Pleas Division.

The defendant then presented a petition to the Appellate Division for a trial, on the ground of accident, mistake, or unforeseen cause. This petition was dismissed, the court saying: "In Gen. Laws cap. 251, § 2, providing for new trials for other grounds and for the period of a year after judgment, the case of a default is also included. Hence, for the first six months, both divisions have concurrent jurisdiction in cases of default." Speaking of the power of the Court of Common Pleas under previous statutes, e. g., Pub. Stat. cap. 221, § 9, "to grant a trial" in such case, the court said: "Although that is a different term, there is no difference in effect between that language and that of the present statute, which is 'to set aside the same and re-instate the case.' This is granting a trial."

The case of a default is included among other grounds for a trial in § 471, C. & P. A., as in Gen. Laws cap. 251, § 2; and § 428, C. & P. A., is the same as Gen. Laws cap. 246, § 2. These cases are decisive of the question before us. We certainly have no greater power to grant a trial to the party defaulted, where his motion to take off the default has been granted upon conditions with which he has not complied, than we would have where such motion had been denied. The Superior Court had jurisdiction of the matter concurrently with this court, and, its jurisdiction having been invoked, its decision is conclusive.

The defendant in his petition alleged several grounds based upon the merits of the principal case. But, as was said by Douglas, C. J., when this case was before us upon a petition to establish a bill of exceptions, 28 R. I. 298: "A judgment by default does not involve the merits of the case. The issues of fact or law therein are not decided. The default is based solely upon the fact that, whatever case the party had, he did not appear at the proper time to present it; and the remedy which a party has after default is only incidentally dependent upon the merits of the case."

The petition is dismissed.

*John W. Sweeney*, for plaintiff.

*James W. Stillman*, for himself.