ALEXANDER ELLBEY *vs.* GEORGE J. CUNNINGHAM *et ux.*

OCTOBER 30, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This case is here on plaintiff's exception to the order of a justice of the Superior Court granting defendants' motion that Richard A. Walsh, garnishee in said case, be discharged.   The facts are as follows:   In actions at law begun in the Superior Court Cunningham and his wife (the defendants in this action) obtained judgments against said Walsh for $5,000 which were entered December 1, 1932.   The executions thereon were stayed December 17 by a justice of the Superior Court.

The action in assumpsit now before us was begun in the Superior Court by a writ of attachment, the *ad damnum* being $2,500, issued December 9, 1932, and returnable January 12, 1933, and the personal estate of the defendants in the possession of said Walsh and the Union Indemnity Co., the insurer of Walsh against liability, was garnisheed. The insurance company made an affidavit of no funds in its possession.   In his garnishee's affidavit, filed January 6, 1933, Walsh stated that judgments against him to the amount of $5,000 in favor of Cunningham and his wife had been entered in the Superior Court.   On January 17 defendants moved that the garnishee, Walsh, be discharged and on February 4 this motion was heard and granted. March 21, decision in this action of assumpsit was rendered for the plaintiff Ellbey for $2,250 after a hearing without the intervention of a jury.   On motion of the plaintiff March 22 judgment thereon was stayed until further order of the court.

The question is: can a judgment debtor be held as garnishee of the judgment creditor in the same court in which the judgment was rendered? As the jurisdiction of and the procedure in garnishment is statutory, this question is to be decided by consideration of the statutes of this State.

Section 14, Chapter 349, G. L. 1923, provides that an original writ commanding the attachment of the real or personal estate of the defendant, including his personal estate in the hands or possession of any person, copartnership or corporation as the trustee of the defendant, and his stock or shares in any banking association or other incorporated company, may issue from the superior or the district court on affidavit of plaintiff or his agent of a valid claim sufficient to give jurisdiction.

Section 28 of Chapter 351 provides that the word "trustee" shall include the words "attorney", "agent", "factor" or "debtor." The word "trustee" in the statute denotes the debtor or agent of the principal defendant, *i.e.* the person against whom an action *ex contractu* at law only might be maintained. *Cross* v. *Brown, Steese & Clarke*, 19 R. I. 220.

In *Wilson* v. *Lewis*, 10 R. I. 285 (1872), the court said the statutes of garnishment in this State have generally from the earliest times been considered as designed to subject to this process every kind of personal property of a debtor within the State and to apply it to the payment of his debts and to include all debts due by a debtor within this State. It was then decided that as by the statute all corporations, unless otherwise provided, can sue and be sued and be garnisheed and, as no exception is made as to municipal corporations, a municipal corporation was not exempt from trustee process and that money due from the City of Providence to a sergeant of its police force was subject to garnishment.

The language of the statute is broad. The personal estate in the possession of one other than the debtor is made subject to attachment. The statute makes no distinction

between a simple and a judgment debt. The latter is liquidated and certain and is clearly "personal estate" of the debtor within the meaning of that phrase in the statute. We think a judgment debt is subject to garnishment unless there is some obstacle in jurisdiction or in procedure which prevents. Such an obstacle in procedure may exist even when the actions are in different courts of the same state. But when the judgment and the garnishment proceeding are in the same court, there is no real difficulty. The trustee may file an answer to the suit and defend the same in behalf and in the name of the defendant and any person claiming said personal estate may, on his own motion, become a party to the action so far as respects the title to said personal estate. (G. L. 1923, C. 351, ss. 22, 24.) Any trustee after final judgment against a defendant may satisfy the judgment or any part thereof to the amount of the estate attached in his hands before a suit is brought against him, and such payment is a discharge for the amount thereof as against both plaintiff and defendant. (Sec. 15.)

The Superior Court can control executions and the entry of judgments and all parties interested may be brought into the garnishment proceedings. In any action at law pending in the Superior Court the plaintiff or the defendant may plead any equitable defense. (G. L. 1923, C. 333, s. 22.)

Section 5, Chapter 352, G. L. 1923, provides for the exemption from attachment of certain limited personal property of a debtor. Except for the personal property thus secured to the debtor, it is the policy of our law that the remainder of a debtor's property shall be subject to the payment of his debts if it can be reached by an appropriate proceeding.

The mere pendency of a suit for the collection of a debt will not place it beyond the reach of garnishment process. *Smith* v. *Carroll*, 17 R. I. 125. Freeman, Ex. § 166. It would be an anomaly in our statutory law if, when the

sole personal estate of a debtor consisted of judgment debts, such debts should be enforced for the benefit of the debtor and shielded by the law from the just demands of his creditors.

The defendants rely on the case of *American Bank* v. *Snow*, 9 R. I. 11 (decided in 1868), to support the order discharging the garnishee. In that action in assumpsit a motion to discharge the garnishee, on the ground that the only personal estate of the defendant in the hands of the garnishee was a debt on which the defendant had recovered judgment against the garnishee in the United States Circuit Court for the District of Maine and on which execution had issued and had been partly satisfied, was granted and the garnishee was discharged.

The reason of the court for this decision as stated in its opinion (pp. 16, 17) was that, under the rule of law established by the Supreme Court of the United States in *Wallace* v. *M'Connell*, 13 Peters 136, a defendant in a suit in a United States court, who, pending the same, was served as garnishee in a state court, was not entitled to plead the garnishment in defense or arrest of the former suit; that, as under this rule a judgment of the Federal Court of Maine would be enforced in the Federal Court in Rhode Island as being of higher validity than any subsequent proceeding in foreign attachment against the defendant in the courts of this State, the garnishee should be discharged.

The *Snow* case is not an authority to support defendants' contention. It is true there are *dicta* in the opinion favorable to the defendants' contention and it is probable that these *dicta* have often been considered to have the authority of a legal decision. But this is not the fact. The decision in the *Snow* case is correct and is in accord with the established rule of law. Drake on Attachments, 6th ed. § 622 *et seq.* But as above stated the reason for such a rule does not exist in the case at bar. In the instant case there is no question of a possible conflict between courts in different jurisdictions nor of any difficulty in procedure between

8

courts in the same State having different jurisdictions. The rights of all the parties having a legal interest in the personal estate can be determined and protected in the same court.

The judgment debt in the case at bar is subject to garnishment.

The plaintiff's exception is sustained and the case is remitted to the Superior Court for further proceedings.

*Jasper Rustigian, Thomas J. Flynn, Flynn & Mahoney,* for plaintiff.

*Fergus J. McOsker,* for defendants.