THE P. J. NOYES CO. *vs.* MORTON F. FROST.

HANOVIA CHEMICAL & MFG. CO. *vs.* SAME.

JANUARY 29, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. These cases, both actions on book account, involve the same question of law and were for that reason heard together. Prior to the commencement of these actions this defendant obtained from the Superior Court a judgment against one Ethel Austin, and the garnishee in that action, the Connecticut General Life Insurance Co.,

was charged for the full amount of the judgment. Execution in that action has been stayed.

In a suit commenced in the Eighth District Court, the P. J. Noyes Co. sued the defendant and garnisheed said Ethel Austin and the Connecticut General Life Insurance Co. The Hanovia Chemical & Mfg. Co. brought its action in the same court but garnisheed the said insurance company only. The decision was for the plaintiffs in both cases. On motions of the defendant in the district court, the garnishees in both actions were discharged and both plaintiffs took an appeal to the Superior Court where the defendant's motions to discharge the garnishees were granted, and it is on exception to this action of the Superior Court that the cases are here.

The discharge of the garnishee was made prior to the rendition of the opinion of *Ellbey* v. *Cunningham*, 54 R. I. 4, (168 Atl. 815) and this court considered that it was bound by the opinion in *American Bank* v. *Snow*, 9 R. I. 11. That case was distinguished in *Ellbey* v. *Cunningham, supra*, and the rule now is that a judgment is subject to garnishment whenever it is feasible to protect the garnishee from double liability.

The defendant contends that the Superior Court is without jurisdiction for the reason that the parties plaintiff were given a decision in the Eighth District Court for the full amount of their respective claims and therefore had no right of appeal to the Superior Court.

Chapter 1326 of Public Laws 1929 provides for an appeal from the decision of a district court to the Superior Court on all questions of law and fact there to be tried *de novo*. Each party to an action in a district court has an appeal from a decision therein to the Superior Court as a matter of right, subject however to certain penalties in the matter of costs if the decision or judgment in the Superior Court is not more favorable than the decision appealed from.

Defendant further contends that the funds in the hands of the Connecticut General Life Ins. Co., as garnishee in

the present cases, is not subject to garnishment. In *Alves* v. *Barber*, 17 R. I. 712, it was held that the charging of a garnishee was, in effect, a judgment of the court and under the rule established in *Ellbey* v. *Cunningham, supra*, judgments are now subject to garnishment.

The plaintiffs' exceptions therefore are sustained and each case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*Francis J. O'Brien, James J. Corrigan, William E. Boyle, Albert Lisker*, for the P. J. Noyes Co.

*Max Winograd, Joseph Goodman* for Hanovia Chemical & Mfg. Co.

*Fergus J. McOsker*, for defendant.