## LOUIS FELDMAN *vs.* MRS. JOHN SILVA.

APRIL 9, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. Mrs. John Silva filed this petition under authority of § 5106, G. L. 1923, for relief from a judgment entered by default.

Petitioner should have described herself by her christian or proper name. Originally this was the only name recognized in the law and one which has always been considered

an essential part of the name of an individual. The designation of "Mrs." is a mere title and is no part of petitioner's name. 19 R. C. L. 1331, 1332. The fact that petitioner's name was not correctly stated in the action against her does not justify her in continuing the error in this proceeding. Such a practice would cause inaccurate pleading and improper docketing.

Petitioner alleges that judgment by default was entered against her October 16, 1933, in the District Court of the Sixth Judicial District in an action brought by Louis Feldman. She also alleges that November 17, 1933, Feldman commenced an action of debt on said judgment and attached her wages; that November 23 she consulted an attorney who informed her of the entry of judgment by default; that she immediately filed a motion in the district court to remove the default and reinstate the case; that this motion was supported by an affidavit showing she had a good defense to said action and the reason default was made in answering the action was that no service of the writ had been made upon her. After a hearing the motion was denied by the district court.

The question presented is whether petitioner, having been denied relief by the district court, may petition this court to grant relief on the same grounds. The district court is authorized by § 5063, G. L. 1923, for the period of six months after the entry of judgment by default, for cause shown, to set aside the judgment and reinstate the case. During this six months, that court had concurrent jurisdiction with that conferred by § 5106, G. L. 1923, upon this court to grant a trial. As a district court has authority to decide a motion to remove a default, we hold that its decision upon the motion is final and conclusive unless reversed by this court upon appropriate proceedings. *Roy* v. *Tanguay*, 131 Atl. 553. (R. I.) In *Curry* v. *Swett*, 13 R. I. 476, it was held that after a motion for a new trial had been denied by the court of common pleas this court had no right to grant a similar motion unless new grounds were

alleged. In *Moore* v. *Stillman*, 28 R. I. 470, it was held that when the superior court had decided a motion to remove a default its decision was conclusive and this court could not entertain a similar motion. See also *Kinkead* v. *Keene*, 22 R. I. 336.

For these reasons the petition is denied and dismissed.

*Morris Berick*, for Louis Feldman.

*Florie De Simone*, *Thomas J. Paolino*, for respondent petitioner.