F. REGINALD DIMOND *vs.* DANIEL A. MARWELL.

MARCH 11, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

478

CONDON, J. This is a petition for a writ of *certiorari* directed to the District Court of the sixth judicial district. The writ was issued, and, in accordance with the mandate thereof, the records relating to the above-entitled case have been duly certified to this court.

From these records it appears that the petitioner here brought an action of book account in said District Court against the respondent, and on entry day filed with his writ and declaration an affidavit of no defense to the action and a motion for judgment for the amount of the account stated in his writ. Within the time specified in the statute,

authorizing summary judgment in certain cases, (P. L. 1929, Chap. 1343) the trial justice of the sixth judicial district ordered judgment entered for the plaintiff, pursuant to said motion, on June 10, 1935.

It further appears that on the entry day of the writ, when the case was called in the District Court, the respondent did not appear, the case was marked "unanswered" and was then continued to June 10, 1935. In the meantime the respondent entered his appearance by counsel on June 7, 1935. On June 14, 1935, respondent filed written motions to vacate the decision and judgment of June 10 and to require plaintiff to file with his claim the particulars of the alleged book account upon which suit was brought. On June 20, 1935, after hearing, the court ordered the judgment vacated and the case reinstated. After two continuances to days certain, the case was finally marked *nisi* in the District Court on July 5, 1935. On July 15, 1935, the writ of *certiorari* issued from this court on the petition of the plaintiff.

The District Court was without jurisdiction to set aside its judgment and reinstate the cause, unless such judgment was by default, or entered by mistake, and then only for cause shown. This limited control over its judgments is specifically granted to that court and the Superior Court by virtue of the provisions of General Laws, 1923, Chapter 344, Sec. 2.

The first question is: "Was this judgment by default?". We think it was. The defendant answered the case, but on the motion for summary judgment he failed to appear on the day set for hearing on the plaintiff's motion and did not otherwise offer any defense for the consideration of the court. Decision was accordingly given for the plaintiff *ex parte* and judgment thereon entered by default. "A defendant is in default if he omits to answer an action commenced against him. He is also in default if, having answered, he neglects to appear at the time fixed for trial and make his defense." *Gregson* v. *Superior Court,* 46

R. I. 362, 365. On the facts in the instant case there was clearly a judgment by default, and therefore the provisions of G. L. 1923, Chap. 344, Sec. 2, apply to the case.

The petitioner, however, contends that there was no cause shown for setting aside the judgment and that the District Court abused its discretion in entering its order vacating the judgment and reinstating the case for trial. Counsel for the petitioner, in his argument before us, and by his affidavit filed in this court with the petitioner's petition, seeks to inform us as to the manner in which the justice of the District Court reached his decision to remove the default.

This court has held that in the absence of anything to the contrary appearing upon the record, it must presume that the action of the District Court in removing a default was taken after there had been presented to it legal cause therefor sufficient to move its judgment. *Paterie* v. *Davignon*, 38 R. I. 585. That case was brought to this court on a writ of error, but the decision and the reasoning is also applicable to a petition for a writ of *certiorari* employed in the instant case. *Mackenzie & Shea* v. *Rhode Island Hospital Trust Co.*, 45 R. I. 407. See also *Colagiovanni* v. *District Court*, 47 R. I. 323, 326. Each of these writs substantially brings to this court for an inspection and review the record of the court below to enable us to affirm or reverse the judgment of that court on questions of law only. If we find cause for reversal, we must find it on the face of that record.

The petitioner has cited cases where the court has refused to remove a default unless the motion was supported by an affidavit of a meritorious defense or by proof of such a defense. *Draper* v. *Bishop*, 4 R. I. 489; *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458. These were not cases where a District Court had granted the defendant's motion and the plaintiff was objecting thereto in this court and offering evidence *dehors* the record, as in the instant case.

In the case of *Nelen* v. *Wells,* 45 R. I. 424, which the petitioner also cites, the Superior Court granted the defendant's motion over the objection of the plaintiff, who brought the case to this court by bill of exceptions. There the bill of exceptions brought up the record and the record itself showed that the Superior Court had removed the default "without receiving any evidence whatever tending to show that the defendant had a *prima facie* meritorious defense which he, in good faith, desired to present in a trial of the cause." The difficulty of the petitioner in the instant case is that he is here on the common law writ of *certiorari,* and the record of the District Court, brought here for our inspection by that writ discloses no such basis upon which we could rest a reversal of the decision of that court. It may also be said here, as was said in *Paterie* v. *Davignon, supra,* that: "The action of the district court of which the plaintiff complains is merely interlocutory and the final decision or judgment of that court may yet be rendered in favor of the plaintiff." It was there held that a writ of error would lie only to a final judgment and this is so also of *certiorari* where, as in the instant case, it is sought as an alternative to a writ of error.

Moreover, the issue of the writ of *certiorari* is not a matter of strict right, but is discretionary with the court. It will not be granted unless the alleged error has caused the petitioner substantial harm. *Bennett* v. *Randall,* 28 R. I. 360. We do not find that the petitioner in the instant case has suffered such harm. The decision of the District Court will not prejudice him in the proper presentation of his case. The only effect of it is to compel him to contend with the defendant, who will be given his day in court. Since this action is in the interest of securing justice to both parties, there is no ground for the issuance of the writ of *certiorari.*

For the reasons above set forth and following the rule laid down in *Paterie* v. *Davignon, supra,* which has since

been consistently followed by this court, the prayer for relief is denied and the writ of *certiorari* is quashed.

The record and papers certified to us by the District Court of the sixth judicial district for our inspection are sent back to said court.

*Charles H. Eden,* for petitioner.

*Edward M. Sullivan, John J. Sullivan,* for respondent.