ANTONIO F. D'ANGELO *vs.* JOSEPH M. VENTURA.

SAME *vs.* SAME.

JULY 23, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These are actions of debt on judgments which were rendered by the district court of the fifth judicial district in two unanswered, defaulted cases. Defendant filed in that court in each case a motion to vacate the judgment on the grounds that he had not been legally served with process, that he had no notice whatsoever of the pendency of the original action in which judgment was entered and that, therefore, the court was without jurisdiction of his person

to hear and determine the case and enter judgment. Defendant based his motions on the inherent power of the court to vacate judgments void for want of jurisdiction, and not on any statute granting to the court control over its judgments for a limited period. The first judgment was entered on January 18, 1935, and the second on February 5, 1945. Defendant filed his motions on June 11, 1945 and they were denied on September 10, 1945. From each decision of the district court defendant duly claimed an appeal to the superior court.

In the superior court plaintiff filed what he termed a "plea" to the jurisdiction of that court to hear the appeals, on the ground that the decisions of the district court on defendant's motions were final and conclusive and could not be reviewed. The justice of the superior court treated each plea as a motion to dismiss for want of jurisdiction and granted it, not, however, on the above ground, but on the ground that the district court's decision in each case was not a decision on the merits of the case and, therefore, was not one from which defendant had the right to claim an appeal under general laws 1938, chapter 525, §7. Defendant duly excepted to each ruling dismissing his appeal and has brought his exceptions to this court.

We are of the opinion that the justice of the superior court erred in dismissing each appeal on the ground of lack of jurisdiction. It is provided by §7 that, in civil cases in a district court, "every person aggrieved by the decision of such district court therein may cause such case to be removed for trial, on all questions of law and fact, in the superior court . . . by claiming an appeal, in writing, . . . ." That section formerly provided that such cases could be removed to the superior court by filing a claim of jury trial in writing. G. L. 1923, chap. 336, sec. 7. The present practice was first provided by P. L. 1929, chap. 1326. While that chapter made a change in phraseology of sec. 7, it did not change its meaning and effect.

Before chap. 1326 was enacted this court had said, in

*Durfee* v. *First District Court,* 44 R. I. 462, 466, that the certification of a case upon a claim of jury trial under sec. 7 was "in effect a transfer of the entire case from the District Court to the Superior Court, where it is to be tried on all the issues of law or of fact." And it had been previously held that a claim for jury trial under that section was "in the nature of an appeal and should be governed by similar considerations. The case should go from the District Court . . . as a whole and not piecemeal." *Bassett* v. *Lowenstein & Hahn,* 22 R. I. 468, 470. The practice under sec. 7 as amended is the same. The only requirement is that the decision appealed from should be final. The decisions of the district court which were appealed from in the cases at bar are final. The denial of defendant's motions to vacate these judgments finally and completely precluded the defendant from escaping liability under them, at least at law. Unless those decisions were not reviewable, except for abuse of discretion as contended by the plaintiff, the superior court had the power and it was its duty to hear and determine the appeals from such decisions.

Defendant's motions were not based on G. L. 1938, chap. 535, §2, which vests in the district court control over its judgments by default for a period of six months after entry thereof; and hence those motions were not addressed to the discretion of the justice of the fifth district court. On the contrary, defendant based them on the ground of lack of jurisdiction in the district court to enter the judgments in the first place because of want of proper legal service on him of the original writ in each case.

The sole question before us, therefore, is whether the superior court had jurisdiction of those appeals. Whether or not the ground relied upon to support the motion in the district court is valid at law is not a question for us to decide at this time. It was, however, a question for the superior court to have decided on defendant's appeal in each case under G. L. 1938, chap. 525, §7. Instead of declining to take jurisdiction of such appeals, the superior court should

have decided the question whether defendant had the right at law to controvert the officer's return on the writ in order to show that the district court originally lacked jurisdiction in each case. On that question we express no opinion.

The defendant's exceptions are sustained, and each case is remitted to the superior court for further proceedings.

*Lucien Capone,* for plaintiff.

*James H. Kiernan, Sidney L. Rabinowitz,* for defendant.