JAMES LOMBARDI *vs.* GEORGE RAO *et al.*

NOVEMBER 20, 1958.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. This is an action of assumpsit in which judgment by default was entered in the superior court in favor of the plaintiff. Thereafter on the defendant George Rao's motion in accordance with general laws 1956, §9-21-2, such default was removed and the cause reinstated. The plaintiff duly excepted to the decision removing the default and the case is here on his bill of exceptions containing that single exception.

In support of his exception he contends that the trial justice erred because defendant did not submit with his motion an affidavit of defense and for the further reason that defendant's default was due solely to mistake of his counsel. He also contends that an affidavit of defense which defendant filed after the trial justice had granted his motion does not state any defense.

It appears from the record that the trial justice granted defendant's motion without having before him at that time an affidavit of defense by defendant. Sometime later such an affidavit was filed, but it does not appear from the record

that the trial justice ever examined it and passed upon the sufficiency of its contents. In these circumstances it is unnecessary for us to consider whether the default was due to mere mistake of law by or the negligence of defendant's counsel or whether his belated affidavit was lacking in stating a defense.

We are of the opinion that in the absence of an affidavit of defense at the time he passed on defendant's motion the trial justice erred in granting such motion. In an analogous case, *Nelen* v. *Wells*, 45 R. I. 424, this court stated at page 425: "Said justice granted the motion to vacate the judgment and take off the default without receiving any evidence whatever tending to show that the defendant had a *prima facie* meritorious defense which he, in good faith, desired to present in a trial of the cause." And the court went on to hold: "It was error to grant said motion without first judicially determining that the defendant had a *prima facie* meritorious defense and that he in good faith desired to present it at a trial of the case. A judicial discretion cannot be exercised without a knowledge of the facts involved."

In the case at bar the record is devoid of any evidence that would serve to supply the absence of an affidavit of defense. On the contrary the transcript shows that the trial justice granted the defendant's motion because he was opposed to defaults. At one point in the hearing he said: "I am not in favor of defaults and I don't think the Bar is favorable to them." And later when the plaintiff sought to advise him that the action was based on a decree of the superior court wherein the defendants George Rao and James J. Lombardi had been found to be partners the trial justice stated: "Whatever it may be, whatever the cause may be, I am not in favor of defaults." It would appear that because he did not favor defaults he was determined to grant defendant George Rao's motion without any showing of a *prima facie* meritorious defense. He merely

inquired of the defendant's counsel: "Mr. Cooney, do you have a defense?" And when in reply Mr. Cooney said: "Yes. There was no case heard," he thereupon without any further showing removed the default. In our opinion this was a clear abuse of judicial discretion which was exercised, as was said in *Nelen* v. *Wells, supra,* "without a knowledge of the facts involved."

The plaintiff's exception is sustained, and the case is remitted to the superior court for further proceedings following the judgment.

*Fergus J. McOsker,* for plaintiff.

*Leo M. Cooney,* for defendants.