ALBERT SWAJIAN *vs.* DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT.

OCTOBER 14, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition for certiorari brought to review a decision of the district court of the sixth judicial district wherein that court, in granting a motion made by a defendant in a civil case, vacated a judgment entered therein by default, recalled execution that had issued, and reinstated the case for trial. The writ was issued, and pursuant thereto all pertinent records have been certified to this court.

From the record it appears that petitioner here was the plaintiff in an action of book account brought against Philip Legarie, who as the defendant therein was properly served with an appropriate writ issued by the clerk of said district court. No entry of appearance was made in the defendant's behalf, and he was subsequently defaulted, with judgment on that default being entered by the court February 8, 1960 and execution thereon issuing February 10, 1960.

Thereafter the defendant, acting pursuant to the provisions of general laws 1956, §9-21-2, which provides for the removal of default judgments, made timely motion "that the default judgment entered in said cause be set aside and that the cause be reinstated for trial." This motion was considered by the district court on May 19, 1960 and was granted by that court subject to the payment of counsel fee. The decision of the court as it was entered on the writ reads as follows: "May 19, 1960 Motion to vacate judgment granted, execution recalled, defendant allowed to answer, case reinstated for trial to June 13, 1960 on condition defendant pay to plaintiff's counsel fee of $25.00 by May 26, 1960."

It is the well-settled law of this state that the relief contemplated in this statute will not be granted to a defendant in the absence of a showing by him that he has a prima facie meritorious defense and desires to offer it at a trial if one be granted to him. *Lombardi* v. *Rao,* 88 R. I. 226, 146 A.2d 12; *McLeod* v. *Fleetwood Motor Sales Inc.,* 83 R. I. 447. Speaking of this statute in *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458, this court said at page 460: "We think, however, as has been the practice here, that before relief is granted by that court it should be made to appear that the petitioner has a defence which is *prima facie* meritorious, and which in good faith he desires to present at the trial if one be granted to him."

It is equally well settled that on a motion to remove a

judgment entered by default it is the duty of the court to which the motion is addressed to ascertain whether the defendant has asserted a defense that is prima facie meritorious either from facts relating thereto alleged in an affidavit accompanying the motion or from sworn testimony concerning such a defense adduced at the hearing on the motion. *Nelen* v. *Wells,* 45 R. I. 424; *Harrington* v. *Harrington,* 66 R. I. 363, 366; *McLeod* v. *Fleetwood Motor Sales Inc., supra; Lombardi* v. *Rao, supra.*

This is not to say that on such motion the court may pass upon the efficacy of the asserted defense and deny the relief sought if in its opinion the defense ought not to prevail at trial. Its duty on the motion to vacate the default is simply to determine whether the alleged facts standing alone, uncontradicted, and unimpeached would as a matter of law constitute a defense to the action. As this court said in *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co., supra,* at page 461: "* * * it was the duty of the Superior Court to determine whether or not the defence urged was frivolous or was one that amounted to a defence in law, and whether or not it was being urged in good faith. It was error for the court to base its action upon a finding that the defence claimed should not prevail on a trial."

The defendant below argues that since the review of the decision of the district court is by way of the common-law writ of certiorari, this court will not reverse that decision except for error of law appearing in the record certified pursuant to the writ. This is a correct statement of the rule. The defendant, arguing that there is no error of law appearing in the record, then contends that the absence of anything in the record showing affirmatively that the court complied with its duty to judicially determine whether a meritorious defense had been asserted is overcome by invoking the presumption that the court having acted, acted within its jurisdiction, that is, that it acted to remove the

default only upon having been presented with legal cause for so doing.

In support of this contention the defendant relies upon *Dimond* v. *Marwell*, 57 R. I. 477, in which case this court reviewed by way of certiorari a similar decision of a district court and invoked the presumption that the court having acted, acted within its jurisdiction, there being nothing to the contrary appearing in the record. In that opinion at page 480, speaking of the duty of the appellate court, this court said: "* * * in the absence of anything to the contrary appearing upon the record, it must presume that the action of the District Court in removing a default was taken after there had been presented to it legal cause therefor sufficient to move its judgment."

It is true that in *Dimond* v. *Marwell, supra,* and also in *Roy* v. *Tanguay,* R. I., 131 Atl. 553, this court presumed that a court having acted, acted within its jurisdiction, there being nothing in the record to indicate the contrary. However, in each of those cases it appeared from the record that the district court had undertaken to judicially determine whether a meritorious defense had been asserted by the defendant before removing the default judgment that had been entered. In *Roy* v. *Tanguay, supra,* while no affidavit of a meritorious defense was contained in the record certified to this court, it did appear therefrom that an affidavit had been read to the district court and had been declared to state a good defense. In *Dimond* v. *Marwell, supra,* the district court in an entry upon the writ stated that it granted the motion to remove the default judgment after a hearing. In each case then there was evidence, however tenuous, that the court had undertaken to judicially determine whether a meritorious defense had been alleged, and this court resorted to the presumption that the district court had acted within its jurisdiction, there being nothing in either record to indicate the contrary. The state of the record in the instant case is such, however, that this court

is unable to perceive that there was any action of the district court constituting a sufficient basis for presuming that that court had acted within its jurisdiction in granting the defendant's motion to remove the default judgment.

The record here does not show that the district court acted after a hearing to judicially determine the existence of a meritorious defense before granting the defendant's motion to remove the default judgment. An affidavit alleging such a defense is not included in the record, nor does it appear therefrom that the district court was presented with sworn testimony adduced for the purpose of establishing such a defense. In the circumstance we are constrained to conclude that the action of the district court was in excess of its jurisdiction.

The petition for certiorari is granted, the decision of the respondent court is quashed, and the records certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*Kirshenbaum & Kirshenbaum, John F. Sheehan,* for petitioner.

*Eugene G. Gallant,* for respondent.