356 A.2d 479.

BURNS ELECTRONIC SUPPLY CO. *vs.* ROBERT WESTMORELAND AND BOBBETT ENTERPRISES, INC.

MAY 6, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. The defendant, Robert Westmoreland, is before us both by way of an appeal and by way of common law certiorari. He seeks a reversal of a judgment entered in the Superior Court denying and dismissing an appeal he had taken from an earlier denial by a judge of the District Court of a motion to remove a default judgment that had been entered against him in the District Court. For the reasons that follow, we shall deny the petition for certiorari and sustain the appeal. Hereinafter we shall refer to the plaintiff as Burns Electronic and the defendant as Westmoreland.

On September 11, 1972, Burns Electronic instituted suit in the Sixth Division District Court against Westmoreland and Bobbett Enterprises, Inc., a Rhode Island corporation. The complaint sought money due and owing for goods delivered to the corporate defendant. The return on the summons indicates that Westmoreland was served on September 13.[1] The case was unanswered, and a default judgment was entered on November 3, 1972. Subsequently, execution issued on December 15, and on April 12, 1973, a sheriff levied on Westmoreland's automobile and seized it.

Westmoreland then obtained an ex parte stay of the execution and sought a removal of the default judgment. The stay was granted, and on May 14 a judge of the District Court conducted a full hearing. On May 18 an order denying the motion to vacate the judgment by default and to stay subsequent proceedings was entered, and thereafter Westmoreland took a timely appeal to the Superior Court.

When the appeal came on for hearing before a justice of the Superior Court, he based his dismissal of the appeal on two grounds. First, he observed, in effect, that a grant

---

[1] On his return the sheriff states that he served the corporation. However, the return does not indicate that he served Westmoreland as the corporation's agent for service of process. It is conceded that Westmoreland is the agent for service of process.

of Westmoreland's motion would permit all defaulting defendants to circumvent the statutory appeal periods. Secondly, he observed that since this matter concerned a discretionary ruling of a District Court judge, the Supreme Court alone had the jurisdiction to review his actions. The trial justice believed that the Superior Court's power to review actions taken by the District Court was limited to those instances where an appeal follows a trial and an adjudication by the District Court of the merits of the controversy.

The Superior Court justice advised Westmoreland that his remedy was a petition for common law certiorari to this court. Westmoreland disagreed with the trial justice by taking an appeal from the Superior Court's dismissal of his appeal, but in a superabundance of caution he also filed a petition for certiorari. This appeal and the petition provide us with an appropriate opportunity to resolve an issue upon which justices of the Superior Court as well as the bar have differing points of view. The issue to be resolved is: Where does a litigant go after a denial in a District Court of a motion to remove a default judgment — to the Superior Court by way of appeal or to the Supreme Court by way of common law certiorari? The answer is, to the Superior Court by way of appeal.

The trial justice's apprehension as to wholesale circumvention of the statutory appeal period seemingly stems from our holding in *Ferranti* v. *M. A. Gammino Constr. Co.*, 109 R. I. 634, 289 A.2d 56 (1972). In *Ferranti* there was a trial in the District Court. Ferranti and his wife were seeking compensation for damage to their real estate allegedly caused by the defendants' negligence. At the conclusion of the plaintiffs' case, the trial justice granted the defendants' motion to dismiss that had been made pursuant to Dist. R. Civ. P. 41(b)(2). The plaintiffs were unsure whether the dismissal amounted to a judgment

from which an appeal had to be taken to the Superior Court within the statutory period and consequently neglected to take an appeal. About a month after the dismissal, the trial justice, apparently sharing the plaintiffs' uncertainty, decided to "protect" their right to appeal by granting their motion to vacate the dismissal order and giving the plaintiffs "48 hours within which to take their appeal." After the appeal was taken, the papers were then transmitted to the Superior Court, and petitions for certiorari were filed and granted. In quashing the order vacating the dismissal order, we pointed out that it was well established that courts of this state lacked the jurisdiction to vacate and then re-enter judgments so that the allowable time for claiming an appeal can be extended. *Id.* at 636, 289 A.2d at 57.

Here Westmoreland, unlike the Ferrantis, in seeking to have his day in court, is initially attempting to establish a justifiable reason for his failure to answer the District Court summons. The Ferrantis had their day in court but, having failed to prevail, they did not take the appeal to the Superior Court within the 2-day period set forth in the statute. The *Ferranti* case is completely inapposite and irrelevant to the issue now before us.

The trial justice's observation that as a member of the Superior Court he could not review the denial by a District Court judge of a motion to remove a default judgment might have been a correct statement of the law some years ago, but it is no longer so. Prior to the General Assembly's 1965 legislative implementation of the Superior and District Courts' adoption of new rules of civil procedure, G. L. 1956, §9-21-2, and its statutory predecessors had provided that the court entering a default judgment would have control over the judgment for a period of 6 months following its entry and "for cause shown" could set aside the default and reinstate the case.

This power to remove a default for cause shown was nearly identical to that given this court by the pre-1965 enactment of §9-21-4 and its predecessors. Section 9-21-4 enabled a party or garnishee in any action or proceeding in the Superior or District Court where no trial had been held and against whom a default judgment had been entered to petition the Supreme Court within 1 year following the judgment for a trial on the grounds that the default judgment was the result of accident, mistake, or unforeseen cause. During the 6 months after the default judgment, the jurisdiction to grant relief was concurrent in this court and the Superior or District Court depending on where the judgment had been entered. *Martin* v. *Weeks,* 72 R. I. 436, 438, 52 A.2d 507, 507 (1947); *Feldman* v. *Silva,* 54 R. I. 202, 203, 171 A. 922, 923 (1934); *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.,* 44 R. I. 458, 459, 118 A. 737, 737 (1922); *Moore* v. *Stillman,* 28 R. I. 470, 471, 68 A. 419, 419 (1907). Therefore, the invoking of jurisdiction in the trial court within the 6-month period immediately following the default precluded the filing of a second petition in the Supreme Court because motions or petitions filed under §9-21-2 and its predecessors were directed to the discretion of the trial justice and, if denied, could not be reviewed by way of a second petition seeking the same relief that was sought earlier.

In the *Feldman* case the defendant's motion to vacate the default was denied by the District Court, whereupon the defendant filed a petition with this court, seeking relief under what was the predecessor to §9-21-4. In denying the petition, this court said it would not intervene where a court having concurrent jurisdiction denied a similar motion but went on to point out that the District Court's denial could have been reversed by this court "upon appropriate proceedings." *Id.* at 203, 171 A. at 923.

The court in *Martin* stressed that one who seeks relief from a default judgment in the District Court is obligated to seek a review "elsewhere" if the District Court erred in denying his motion.

There have been instances when this court has reviewed the District Court's consideration of motions to remove a default by means of the common law writ of certiorari. *Swajian* v. *District Court,* 91 R. I. 403, 164 A.2d 311 (1960); *Dimond* v. *Marwell,* 57 R. I. 477, 190 A. 683 (1937). Within the past year this court has reviewed on appeal a Superior Court's affirmance of a District Court's denial of a motion to vacate. *Kaufman* v. *Ray,* 116 R. I. 277, 355 A.2d 405 (1976); *Prudential Inv. Corp.* v. *Porcaro,* 115 R. I. 117, 341 A.2d 720 (1975).

Some 30 years ago in *D'Angelo* v. *Ventura,* 72 R. I. 120, 48 A.2d 247 (1946), this court reviewed a Superior Court justice's refusal to consider an appeal from a District Court's denial of the defendant's motion to vacate a default judgment. As grounds for his appeal, the defendant alleged that since he had neither been legally served with process nor notified of the pendency of the original action against him, the District Court was "without jurisdiction * * * to hear and determine the case and enter judgment." In sustaining the defendant's appeal, this court pointed out that the controversy did not concern the 6-month proviso which gave the District Court control over its judgments, but rather the appeal was based on the ground that the District Court lacked jurisdiction to enter the original judgment against the defendant. This court emphasized that the District Court's denial of the motion to vacate was a final judgment that could be appealed to the Superior Court where the question of the defendant's

right to controvert a sheriff's return in order to show the lack of requisite jurisdiction could be resolved.[2]

The General Assembly at its January 1965 session paved the way for the promulgation of new Rules of Civil Procedure for both the Superior and District Courts by enacting P. L. 1965, ch. 55. This legislation contained numerous amendments to various portions of the General Laws, including §§9-21-2 and 9-21-4. The amendments were to take effect on January 10, 1966, the same day upon which the Superior and District Court rules became operative.

The amended version of §9-21-2 now omits all reference to the Superior and District Courts' retaining control of their judgments for 6 months. Instead, §9-21-2 is in all material respects a carbon copy of Super. R. Civ. P. 60(b). This rule, in its pertinent portions, reads: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:[3] (1) mistake, inadvertence, surprise, or excusable neglect * * *. The motion shall be made within a reasonable time, and not more than one year after the judgment, order, or proceeding was entered or taken." District Court Rule 60 incorporates by reference the relevant portions of Superior Court Rule 60.

There is no stenographic or electronic transcript kept of proceedings in the District Court, but from the affida-

---

[2]This particular question remained unresolved until *Nocera v. Lembo,* 111 R. I. 17, 20, 298 A.2d 800, 803 (1973), where we said that the return could be impeached by a showing of strong and convincing evidence.

[3]Rule 60(b) also permits relief by way of motion on five additional grounds: (1) newly discovered evidence, (2) fraud, misrepresentation or other misconduct by an adverse party, (3) a void judgment, (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which the judgment in dispute is based has been reversed or otherwise vacated, or the judgment should no longer have prospective application, or (5) any other reason justifying relief.

vits in the record it is clear that Westmoreland's 60(b) motion, which he filed in the District Court, was based on the ground of excusable neglect. In his supporting affidavit Westmoreland claimed that the money due plaintiff was not his personal obligation but a debt of the corporate defendant. He further averred that after being served with process he contacted plaintiff's attorney and, after explaining the situation to the attorney, was led to believe that there would be no further effort to hold Westmoreland personally liable for the $2,580 due Burns Electronic.

Section 9-12-10 provides that in all civil cases in the District Court any party, with the exception of one seeking possession of tenements let, may cause his case to be removed for trial on *all questions of fact and law* to the Superior Court by claiming an appeal from the judgment of the District Court in writing within 2 days, exclusive of Sundays and holidays, after the entry of judgment. The only requirement is that the judgment appealed from be final. *D'Angelo* v. *Ventura, supra;* 1 Kent, *R. I. Civ. Prac.* §60.10 at 457 (1969).

The denial of Westmoreland's motion has the necessary finality because it completely precludes him from escaping liability from the outstanding money judgment issued by the District Court. Section 9-12-10 provides for a de novo appeal in the Superior Court on all questions of law and fact. *P. J. Noyes Co.* v. *Frost,* 54 R. I. 142, 143, 170 A. 493, 493 (1934). Consequently, Westmoreland had the right to relitigate in the Superior Court the entire issue of whether the default should be removed because of excusable neglect.

The trial justice's dismissal was in error. There is no need for resort to common law certiorari when the statutory appeal in question provides an adequate and suitable remedy to resolve the correctness of the District Court's

denial of Westmoreland's 60(b) motion. *See, e.g., Taft v. Tribelli,* 114 R. I. 676, 337 A.2d 794 (1975); *Barletta v. Kilvert,* 111 R. I. 485, 487, 304 A.2d 353, 354-55 (1973); *Burrillville School Comm.* v. *Burrillville Teachers' Ass'n,* 110 R. I. 677, 678, 296 A.2d 464, 465 (1972).

The defendant's appeal is sustained, the judgment appealed from is vacated, and the case is remitted to the Superior Court[4] for further proceedings.

The petition for certiorari is denied pro forma, and the writ heretofore issued is quashed.

*Tobin, Decof, LeRoy & Silverstein, Max Wistow, Merrill W. Sherman,* for plaintiff.

*J. Ronald Fishbein, Richard Bruce Feinstein,* for defendant Robert Westmoreland.

---

[4] We would point out in those instances where the Superior Court may reverse the District Court's denial of a motion to vacate, the Superior Court shall, after entering judgment removing the default, remand the case to the District Court for a trial on its merits.