Chris TRAWICK and Stephanie Trawick Plaintiffs

v.

ASBURY MS GRAY–DANIELS, LLC d/b/a Gray–Daniels Mazda, Hyundai, Suzuki and Billy C. Lofton, Sr. Defendants

No. CIV.A.3:02–CV–1667BN.

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 12, 2003.

---

Michael R. Barnes, Barnes & Green, P.L.L.C., Hattiesburg, MS, for Chris Trawick, Stephanie Trawick, plaintiffs.

Joseph W. McDowell, Shell Buford, PLLC, Jackson, MS, for Asbury Automotive Ms, LLC, Billy C. Lofton, Sr., defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the following two Motions:

1) the Motion of Plaintiffs to Remand; and

2) the Motion of Defendants to Dismiss or, in the Alternative, Motion to Enforce Arbitration.

Having considered the Motion to Remand, the Court finds that it is well taken and should be granted. Because the Motion to Remand is granted herewith, this Court lacks jurisdiction to render a decision on the Motion of Defendants to Dismiss or, in the Alternative, Motion to Enforce Arbitration.

Plaintiffs filed this case in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on October 27, 2002. Plaintiffs allege Defendants represented that an automobile sold by Defendants to Plaintiffs was a new car, when in fact the auto had been previously titled to another person. The sales contract covering the auto in question contained an arbitration agreement.

Defendants removed the case to this Court on November 7, 2002. The subject Motion to Remand was filed by Plaintiffs on November 19, 2002. Defendants failed to respond to the Motion to Remand, and the deadline for filing a response has expired. Therefore, the Court is prepared to render a decision on said Motion.

■ A federal court may grant a motion as unopposed if a party fails to submit a response to the motion. *See,* Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. Under the authority vested in this Court by Local Rule 7.2(C)(2), the Court finds that Plaintiff's Motion to Remand should be granted because of Defendants' failure to respond to the Motion.

■ In the alternative, the Court finds that the Motion should be granted because subject matter jurisdiction is lacking. Defendants removed this case on grounds of federal question jurisdiction, 28 U.S.C. § 1331. Defendants contend that jurisdiction may be found under § 1331 because the state court suit involves claims that are

subject to arbitration. However, the Federal Arbitration Act (hereinafter "FAA") does *not* create an independent basis for federal question jurisdiction. This is apparent from the clear and unequivocal language of the FAA, which is codified in 9 U.S.C. § 1, *et seq.* Federal subject matter jurisdiction under the FAA is considered in 9 U.S.C. § 4, which states in relevant part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for such agreement, would have jurisdiction under Title 28,* in a civil action or in admiralty *of the subject matter of a suit* arising out of the controversy between the parties . . . .

(Emphasis added). This statutory language clearly states that the FAA does not create an independent basis for a federal court to exercise subject matter jurisdiction. Case law interpretations of the FAA hold the same. *See, Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.,* 138 F.3d 160, 163 n. 1 (5th Cir.1998) (citation omitted) (holding that "[i]t is well established that the Federal Arbitration Act does not create federal jurisdiction. Some independent jurisdictional basis, either diversity or federal question, must be shown."). As Defendants relied on no other basis for jurisdiction in their Notice of Removal,[1] the Court finds that subject matter jurisdiction is lacking, and that Plaintiffs' Motion to Remand must be granted on this alternative basis.

■ The Court is concerned with Defendants' frivolous and groundless removal of this case from state court. A minimal amount of research by defense counsel would have revealed that the FAA pro-

vides no independent basis for this Court to exercise subject matter jurisdiction. This frivolous removal caused Plaintiffs to expend time and resources in their efforts to remand the case to state court. It further imposed upon the time and resources of this Court. Based on the following statutory law, the Court finds that Defendants should be sanctioned by compensating Plaintiffs for their losses in dealing with the improper removal of this case.

Award of attorney's fees and costs resulting from a remand order is governed by 28 U.S.C. § 1447. Section 1447(c) states "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." Section 1447 gives this Court discretion in awarding attorney's fees and costs. Because the jurisdictional basis relied upon by Defendants in their Notice of Removal was fundamentally erroneous, Plaintiffs should be awarded the attorney's fees and costs incurred by them which directly relate to the removal and remand of this case. Plaintiff will have until **Monday, February 24, 2003,** to file a Motion for Fees and Costs. The Motion must be in accordance with Uniform Local Rule 54.2(B). Defendants will have until **Thursday, March 6, 2003,** to respond to the Motion.

IT IS THEREFORE ORDERED that the *Motion of Plaintiffs to Remand* [3–1] is hereby granted. This case is hereby remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

IT IS FURTHER ORDERED that Plaintiffs are awarded attorney's fees and costs which directly relate to the removal and remand of this case. Plaintiff has until **Monday, February 24, 2003,** to file a

---

1. The Court notes that diversity of citizenship jurisdiction under 28 U.S.C. § 1332 is lacking in this case also.

Motion for Fees and Costs. Defendants have until **Thursday, March 6, 2003,** to respond to the Motion. The Clerk of the Court is directed to retain the case file in this Court until the attorney's fees and costs issue is resolved.

IT IS FURTHER ORDERED that the Motion of Defendants to Dismiss or, in the Alternative, Motion to Enforce Arbitration [2–1] is denied without prejudice, as this Court lacks jurisdiction to render a decision on the merits of the Motion.