DECISION
This case came before the Court for trial. In this action, Val-Gioia Properties seeks recovery for the alleged dumping of waste on its property by its neighbors, Mr. Earl Blamires, Ms. Sylvia Blamires, Mr. Brian Blamires and Ms. Dianne Dufresne.
The travel of the case is quite notable:
This case was originally instituted before the Rhode Island District Court, Third Division, by the filing of a complaint in October, 2006. Defendants Earl Blamires, Sylvia Blamires and Brian Blamires were listed as defendants. They were served and failed to respond to the Complaint. Plaintiff scheduled the matter for assignment on November 21, 2006. Apparently, the defendants failed to appear at that day, and the District Court scheduled the matter for motion for entry of default judgment on oral proof of claim on a later date.
Eventually, on or about January 2, 2007, counsel for the Blamires appeared, and obtained a continuance of the proceedings until January 9, 2007. On January 9, 2007, another attorney appeared for the Blamires, but the District Court noted "Judgment by *Page 2 
Default shall remain in full force and effect. No excusable neglect has been shown. . ." and the oral proof of claim was continued to January 10, 2007.
On January 10, 2007, the District Court entered a Final Judgment for plaintiff for $6400, apparently including damages and attorneys fees. The Blamires filed an appeal the same day.
The case file was transmitted to Kent County Superior Court promptly scheduled for trial, then continued by agreement of counsel. In June 2007, the original attorney for plaintiff withdrew and new counsel entered. Without objection, a motion to amend the complaint was granted to add a new defendant.[1]
The case was reached for trial before this Court. The Court noted the significant procedural defects with this matter, inter alia, that the defendants were still in default at the District Court and may not be entitled to a trial. In chambers and then, in part, on the record, counsel encouraged the Court to provide one trial to resolve the matter rather than remanding to resolve the issue of the default. The short trial was commenced and the case was reserved for decision.
 ANALYSIS A. Subject Matter Jurisdiction is a Neccesary Precedent toAdjudication
Subject matter jurisdiction goes to the very power of a court to hear a particular type of case. Bradford Assocs. v. R.I. Div. ofPurchases, 772 A.2d 485, 488 (R.I. 2001). Therefore, a challenge to a court's subject matter jurisdiction can be raised at any time, cannot be waived, and jurisdiction cannot be conferred by mere consent of the parties. *Page 3 
Id.; Warwick School Committee v. Warwick Teachers' Union,613 A.2d 1273, 1276 (R.I. 1992) (noting that the issue of subject matter jurisdiction may also be raised sua sponte by the court).
The obligation of a Court to question jurisdiction is set not only by Court Rule, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." R.I. Superior Court Rule 12(h), but also by court precedents. The United States Supreme Court has recently held:
 Moreover, by whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements. See, e.g., Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326
(1986) ("every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it" (quoting Mitchell v. Maurer, 293 U.S. 237, 244, 79 L. Ed. 338, 55 S. Ct. 162 (1934))); United Republic Ins. Co. in Receivership v. Chase Manhattan Bank, 315 F.3d 168, 170-171 (CA2 2003) ("We have . . . urged counsel and district courts to treat subject matter jurisdiction as a threshold issue for resolution. . . ."); United States v. Southern California Edison Co., 300 F. Supp. 2d 964, 972 (ED Cal. 2004) (district courts have an "independent obligation to address [subject-matter jurisdiction] sua sponte" (internal quotation marks omitted)); Trawick v. Asbury MS Gray-Daniels, LLC, 244 F. Supp. 2d 697, 699 (SD Miss. 2003) (criticizing counsel for failing to do the "minimal amount of research" that would have revealed the absence of subject-matter jurisdiction). Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 1937; 158 L. Ed. 2d 866, 887; 2004 U.S. LEXIS 3676; 72 U.S.L.W. 4388 (2004).
Our Rhode Island Supreme Court is in full accord:
 Indeed, it is well established that subject-matter jurisdiction is an essential and basic requirement in any judicial proceeding, that the issue of whether the court has subject-matter jurisdiction can be raised at any time by the parties or the court sua sponte, and that subject-matter jurisdiction cannot be waived or conferred by the parties' consent. Cabot v. Cabot, 444 A.2d 845, 846 (R.I. 1982); citing Castellucci v. Castellucci, 116 R.I. 101, 352 A.2d 640 (1976). *Page 4 
The filing of an appeal from District Court to the Superior Court is jurisdictional.
Accordingly, a reviewing court will lack subject matter jurisdiction to decide the appeal if same is filed out of time as prescribed by statute. See Garganta v. Mobile Village, Inc., 730 A.2d 1 (R.I. 1999) (under the Residential Landlord and Tenant Act, a party who misses the five-day deadline for appeals to Superior Court waives his or her appeal); Considine v. R.I. Department of Transportation, 564 A.2d 1343
(R.I. 1989) (pursuant to the Administrative Procedures Act, the Superior Court lacks jurisdiction to hear an appeal filed more than thirty days after a final, adverse determination); Marcello v. DeFreitas, 407 A.2d 490 (R.I. 1979) (failure to file an appeal to Superior Court of a District Court judgment two days after its entry results in dismissal of the appeal).
B. This Superior Court Has No Jurisdiction to Consider theMerits.
Shortly after the Rhode Island Rules of Civil Procedure were adopted, the District Court became a full-time trial court, the Supreme Court considered the de novo trial rights conferred to parties after a District Court trial set by statute.[2] When a default judgment had entered against a party in the District Court, the Supreme Court held that *Page 5 
the defaulted party's rights of appeal were limited. In Burns ElectronicSupply Co. v. Westmoreland, 116 R.I. 332, 339, 356 A.2d 479, 483 (1976), at footnote 4 the court held
 We would point out in those instances where the Superior Court may reverse the District Court's denial of a motion to vacate, the Superior Court shall, after entering judgment removing the default, remand the case to the District Court for a trial on its merits.
This conclusion is in accord with other established precedent and practice: Hathaway Street Management Corp v. Gardiner d.b.a Calart, R.I. Superior Court Case No. PC 99-630 decision dated November 22, 2000;Certain Property Owners v. Pawtucket Board of LicenseCommissioners, R.I. Superior Court Case No. P.C. 2000-2953, decision dated, August 27, 2002.[3]
This holding affords significant comity to the courts, and ensures that the District Court is more than a ministerial nullity which can be easily circumvented. The District *Page 6 
Court establishes a significant role in the statutory scheme of trial courts. The District Court is an important part of our Rhode Island court structure. It handles large, intense caseloads performing its work with diligence, reliability and expertise. It deserves better.
 CONCLUSION.
Applying the law detailed above, this Court's jurisdiction is limited. At best, this Court may consider whether the motion to vacate was properly denied. This Court cannot commence a trial, with a default in place, even if the parties agree. The Superior Court did not have subject matter jurisdiction to try the issues of the case, without the matter of the default having been decided. If this Superior Court vacated the default, the proper remedy would be to remand the case for a new trial at the District Court level.
Accordingly, the Court will place this matter on the Kent Superior Court Formal and Special Cause Calendar for Friday, December 7, 2007, for hearing of the issue of whether the Superior Court should reverse the District Court's denial of the motion to vacate. Testimony may be presented.
[1] The answer to the amended answer filed by defendants did not clearly indicate that counsel was not entering for Ms. Dufresne. She was defaulted later.
[2] § 9-12-10. Claim of appeal of superior court. — Except as otherwise provided, in all civil cases in the district court, any party may cause the case to be removed for trial on all questions of law and fact to the superior court for the county in which division the suit is pending, by claiming an appeal from the judgment of the district court, in writing, filed with the clerk of the division within two (2) days exclusive of Saturdays, Sundays, and legal holidays after the judgment is entered; provided, that the party claiming the appeal, at the time of claiming the appeal, shall pay to the clerk all costs including an attorney's fee of fifty dollars ($50.00) for the party or parties adversely interested in the judgment, to be paid by the clerk to the attorney for the adverse party. The attorney's fee of fifty dollars ($50.00) shall be divided equally among the attorneys for the parties adversely interested when more than one adverse party is involved; and provided, further, that costs shall not be taxed, exclusive of the attorney's fee, at a sum not less than twenty-five dollars ($25.00).
[3] Perhaps the best analysis is set forth in a Decision written by our Presiding Justice, after having served as a Justice on the District Court:
 On November 21, 1988 the attorneys by agreement entered into a "judgment for the plaintiff in the amount of $2666.15 plus costs" and agreed to appeal to the Superior Court with all appeal fees waived.
 . . .
 The Superior Court does not have original jurisdiction over these matters for which the damages claimed are less than $5,000. . . . . If litigants received a fair trial before a district court judge (as I am sure they would) the likelihood of an appeal is slim. If the appeal costs were increased, frivolous appeals would be discouraged. The present backlog of Superior Court criminal and civil matters (which backlog will continue to increase dramatically) allows no time for these actions to be tried in the first instance in the Superior Court as well as the time required to respond to those motions filed. For the reasons stated the Court denies and dismisses this appeal. . . . . South County Obstetric Gynecological Group, Inc. v. Tobin, Rhode Island Superior Court Case No. WD No. 88-612, decision dated, May 26, 1989, reported in 1989 WL 1110277. *Page 1