EDITH A. WHITAKER *vs.* GEORGE N. BLISS.

PROVIDENCE—SEPTEMBER 27, 1901.

PRESENT : Tillinghast, Rogers, and Douglas, JJ.

(1) *Trespass and Ejectment. Claim of Jury Trial. Filing Bond. Mandamus. Jurisdiction.*

After a District Court has rendered its decision in an action of trespass
and ejectment and adjourned, it has no jurisdiction to take further action
therein except to pass upon the sufficiency of the bond given by the
plaintiff under Gen. Laws cap. 237, § 9, upon claim of jury trial within
six hours after decision rendered. Hence the action of a District Court
after adjournment, in vacating a decision rendered for the plaintiff in
such an action and in continuing the case one week for the purpose of
enabling the defendant to file the statutory bond, is void, and plaintiff
is entitled to *mandamus*.

MANDAMUS. The facts are fully stated in the opinion.

TILLINGHAST, J. This is a petition for a writ of *mandamus* against the defendant, who is the judge of the District Court of the Seventh Judicial District, to compel him to issue an execution in favor of the plaintiff in an action of trespass and ejectment.

The facts in the case, in so far as they are material, are as follows :

On the 29th day of August, 1901, the plaintiff sued out of said District Court a writ of summons in which James T. Hunt and Anna L. Hunt were named as defendants, wherein they were charged with wrongfully detaining from the plaintiff the possession of a certain tenement in East Providence, together with the land surrounding the same, and the buildings and improvements thereon. The writ was made return-

able to said court on the 6th day of September, 1901, and was duly served and entered in said court, and, being answered by the defendants, was continued to the 13th day of September, 1901, and was then duly called in said court by the justice thereof, who is the defendant in this case, and thereupon said James T. Hunt appeared in court and submitted to a decision for the plaintiff for the possession of said premises and for costs of suit, and the decision of said court was thereupon, at three o'clock in the afternoon of said 13th day of September, duly rendered against said James T. Hunt in favor of the plaintiff for possession of said premises and for costs of said suit; and the said Anna L. Hunt not then appearing in said court to answer the case, the decision was at the same time duly rendered against her by default and in favor of the plaintiff for possession of said premises and for costs of suit. Immediately after the giving of said decision said James T. Hunt stated to the justice that the defendants in said case claimed a jury trial, and that they desired to give a bond for the payment of all rents, damages, etc., in accordance with the statute, whereupon said justice told him that decision against the defendants had been rendered at three o'clock on said 13th day of September, and that a bond in the penal sum of $700, with surety satisfactory to said justice, must be presented to him within six hours from the time of said decision, namely, by nine o'clock in the evening of the same day.

Said court thereupon adjourned to Friday, September 20th, 1901, without taking any further action in said case.

At eight o'clock in the evening of the same day the defendants in said case appeared at the dwelling-house of said justice and tendered to him a bond for the payment of said rents, moneys, etc., which he refused to accept on the ground that it was informal, defective, and not satisfactory to him. Said justice thereupon stated that he would vacate the decision previously rendered in said case, and would continue the same for one week, which he then and there did, and thus extended, or attempted to extend, the time for one week within which defendants might file their bond for the payment of rent, etc., conformably to law.

To this action of said justice the petitioner, by her counsel, then and there objected.

On the 17th day of September, 1901, at three o'clock in the afternoon, the plaintiff requested the respondent to issue and deliver to her an execution in said case, which he refused to do, and still neglects and refuses to do.

She therefore prays for a writ of *mandamus* to issue against said justice, commanding him to issue and deliver to her an execution in said case comformably to law.

(1)  The decisive question presented by the foregoing facts is whether said District Court had jurisdiction to vacate its decision in manner aforesaid and continue the case for the purpose of giving defendants further time within which to file the bond required by statute. For it is evident that the action of the justice in vacating his decision and continuing the case was to enable the defendants to furnish a satisfactory bond in order that they might have a jury trial.

While we appreciate the feeling of kindness and consideration for the defendants which evidently prompted the justice to take said action, yet we feel compelled to hold that it was without authority of law. Under the statute, Gen. Laws R. I. cap. 237, § 7, a jury trial in a case brought for the possession of a tenement let or held at will or by sufferance must be claimed within six hours after decision is made; and by section 9 of said chapter it is provided that the defendant shall give bond to the plaintiff, with one or more sureties satisfactory to the District Court, to pay all rent or other moneys due or which may become due pending the action, and such damages and costs as may be awarded against him, which bond must be filed at the time of claiming jury trial.

This statute was not complied with in the case referred to, and hence the defendants therein lost their right to a jury trial and the plaintiff was entitled to judgment on the decision on the second day after the rendition thereof. See Gen. Laws R. I. cap. 246, § 1. The statute is evidently intended to give a summary remedy in cases for the possession of tenements let; and if a defendant desires to have a jury trial he must promptly take such steps as are required in connection

therewith. For the court to extend the time fixed by statute for the giving of the required bond would be in effect to modify and enlarge the statute, which, of course, is clearly beyond its power to do. Courts must take the statutes as being expressive of the legislative will, and not attempt to add to or diminish the force of the same in any particular. Their duty is simply to administer the law as they find it to be, and not to attempt to change or modify it in order to prevent occasional hardships, or for any other purpose.

After the court had rendered its decision in said case and adjourned, it had no jurisdiction to take further action therein except to pass upon the sufficiency of the bond aforesaid. See *Hamill* v. *Champlin,* 12 R. I. 124. And, as the bond presented was unsatisfactory to the court, it only remained for judgment to be entered on the decision in accordance with the statute. It is to be observed in this connection that the justice took the action complained of purely of his own volition, no motion or request having been made to take off the decision rendered and reinstate the case, nor any notice having been given to the parties prior to taking such action, nor any cause having been shown for setting aside or vacating said decision, the plaintiff's counsel who objected to said action having been present fortuitously merely to see in regard to the bond's having been filed. It seems to us, therefore, that, even assuming that under Gen. Laws R. I. cap. 246, § 2, said court had jurisdiction to set aside the decision upon proper proceedings, it had none under the facts set forth in this case.

We think the plaintiff is entitled to judgment on the decision rendered in said case, and to execution thereon, as prayed.

*Irving Champlin,* for plaintiff.
*Franklin P. Owen,* for defendants.