EBBA ANDRUS McCARTHY *vs.* FREDERICK McCARTHY.

NOVEMBER 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Divorce.  Domiciled Inhabitant.*

To establish a domicile and become a domiciled inhabitant of this state under cap. 247, sec. 10, G. L. 1909, (of divorce) there must be an actual abode in the state with the intention in good faith to live here permanently and without any present intention of changing the home in the future. Actual residence without such intention does not suffice.

(2)  *Divorce.  Domiciled Inhabitant.*

The domiciliary residence of 2 years under cap. 247, sec. 10, G. L. 1909, must be an actual and continuous residence and dwelling within this state for the prescribed period which must immediately precede the filing of the petition.

(3)  *Divorce.  Domiciled Inhabitant.  Intent.*

The intention of the person seeking to establish a domicile is an essential fact which must be proved. His statement as to intention is not controlling but the truth is to be determined upon consideration of all of the evidence. The intention of a petitioner for divorce in coming to live in this state and the intention of remaining here permanently are questions of fact.

(4)  *Divorce.  Residence.*

The legal effect of absence from the state in breaking the continuity of residence is to be judged in view of all of the facts.

(5)  *Divorce.  Domiciled Inhabitant.*

Where a petitioner for divorce who testified as to her intention to become a domiciled inhabitant of the state, actually lived here only a relatively small part of each year, her reasons however meritorious did not excuse the failure to fulfill the statutory requirement of actual and continuous residence.

Divorce.    Heard on exception of petitioner and over-ruled.

Stearns, J.    This is a petition for divorce on the grounds alleged, of continued drunkenness and neglect to provide.

Ebba McCarthy, the petitioner, whose home was in Jamestown, New York, was married to the respondent at Niagara Falls, New York, in 1912. Both parties are members of the theatrical profession. Respondent is at the present time a member of a stock company in Minneapolis, Minn.

Petitioner testified that because of her husband's misconduct she left him in New York City on 1919 and had not lived with him since that time and that prior to the filing of the petition for divorce in May 28, 1923, she had been, as required by the statute (Chapter 247, Sec. 10, Gen. Laws), a domiciled inhabitant of this state and had resided herein for the period of two years next before the preferring of the petition.

There was one child of the marriage. Petitioner has maintained this child in Providence for several years and, whenever her professional engagements permitted, she came on week-ends to Providence to visit the child. Since 1920 or 1921 petitioner has lived, when in Providence, either at the Crown Hotel or the American Hotel, where her mail has been sent and from there has been forwarded to her whenever she was away. She has spent her vacations from five weeks to two months in the summer time in Providence. The remainder of the year she has been either on the road or in New York City. Her reason for remaining in New York City was that she was there engaged in rehearsals for plays to be produced, or, if she had no engagement, in order to secure work in her profession. She stated that she liked the city of Providence and decided to make her permanent home therein long before she thought of any proceeding in divorce, and that it was her intention to remain in that city and make it her permanent residence hereafter.

The petition, which was not contested, was first heard on depositions. The trial court was not satisfied with the proof in regard to petitioner's residence in this state. Later, by permission of the court, other evidence was given orally to the court by petitioner and several witnesses. The petition was denied for the reason, as stated in the rescript, that "the court does not feel that she (the petitioner) is a *bona fide* resident of Rhode Island." Petitioner duly excepted to the decision and the cause is in this court on her bill of exceptions. Objection is made that the trial justice was not justified in dismissing the petition because of any feeling in regard to the issue or the proof. That the trial justice did not base his decision on feeling seems to be clear. In the rescript he refers to the fact that the petitioner was an actress and spent a good part of the time during each year in New York City. The conclusion he reached, and doubtless intended to express, was that he did not believe petitioner was a *bona fide* resident, and the petition was dismissed because the statutory residence had not been established. Under the statute the petitioner must prove (1) that she is a domiciled inhabitant of this state: (2) for the two years next preceding the filing of her petition, as such domiciled inhabitant, she has as a matter of fact continuously resided and had her habitancy in this state.

To establish a domicile and become a domiciled inhabitant there must be an actual abode in the state with the intention in good faith to live here permanently and without any present intention of changing the home in the future. Actual residence without such intention does not suffice. In the absence of constitutional or statutory requirement in regard to domicile the length of the residence is immaterial provided the other elements are found to exist. *Winans v. Winans*, 205 Mass. 388. By our statute the length of the required domiciliary residence is two years. This must be an actual and continuous residence and

dwelling within this state for the prescribed period, which must immediately precede the filing of the petition.

The intention of the person seeking to establish a domicile is an essential fact which must be proved. *State v. Aldrich,* 14 R. I. 171; *Finn v. Board of Canvassers,* 24 R. I. 482. As the real intention is known only to the individual, his statement in regard thereto, is one of the natural and usual methods of proof. Such statement, particularly as in the case at bar when made by an interested witness, is not controlling but the truth thereof is to be determined by the court upon consideration of all of the evidence. *In Gourlay v. Gourlay,* 15 R. I. 572, it was held that the declarations of a petitioner for divorce as to domicile, unaccompanied by acts, were entitled to little or no weight as evidence. Actions as well as declarations are to be weighed in the determination of the intention. In *Fosdick v. Fosdick,* 15 R. I. 130, it was held that if a petitioner for divorce was influenced to come to this state by reason of the liberal divorce law, although this fact was calculated to arouse suspicion, it did not necessarily prevent such person from becoming a domiciled inhabitant of the state if she came here *bona fide* for the purpose of making this state her permanent home, and not simply to get a divorce and then return to her former home. The intention of petitioner in coming to live in this state and her intention of remaining herein permanently were questions of fact. The trial justice has decided one or both of these questions adversely to the petitioner and there is nothing in the record to show that such findings of fact were clearly erroneous.

Assuming that petitioner did intend to become a domiciled inhabitant of this state in good faith, she did not continue to maintain her residence for the required length of time. The contention is that having changed her domicile to this state her absence from the state at different times was due to the nature of her business and was temporary. Not every departure and absence from the state is to be held as a legal interruption of the continuity of residence required

by the statute.  The legal effect of such absence in each case is to be considered in view of all of the facts.  But in this case the petitioner actually lived within the state only a relatively small part of each year.  Her reasons for leaving the state however meritorious do not excuse the failure to fulfill the statutory requirement of actual and continuous residence.

The exceptions are overruled.  The cause is remitted to the Superior Court for further proceedings.

*William A. Gunning*, for petitioner.