BLANCHE LUCILLE DOERNER *vs.* A. CARL DOERNER.

JUNE 3, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. This is a petition for divorce on the ground of neglect to provide. After a hearing, which was uncontested, the petition was denied on the ground of lack of jurisdiction. The trial court found that petitioner was a domiciled inhabitant of this state but that she had not resided therein for the period of two years next before the preferring of the petition. The material part of the statute (Gen. Laws, 1923, C. 291, § 10) is as follows: "No petition for divorce from the bond of marriage shall be granted unless the petitioner shall have been a domiciled inhabitant of this state and have resided therein for the

period of two years next before the preferring of such petition."

The cause is here on petitioner's bill of exceptions.

Petitioner and her husband established their home in Providence in 1915. · They lived with the petitioner's parents in Providence until 1917, when they separated, because respondent refused to support his wife. Petitioner continued to live with her parents until 1921, when she secured a position as teacher in a commercial school in New York state. Since 1921 she has been living in New York state where she is engaged in teaching during twelve months in each year. She has returned to this state each year at Christmas and on other legal holidays and occasionally for a week end.

For petitioner it is claimed that, as she had prior to her departure for New York established her domicile and permanent home in this state, her subsequent departure to and presence in New York state was not an abandonment of her domicile in this state and consequently within the meaning of the statute she continued to be an actual resident of this state, notwithstanding her temporary absence therefrom. In support of this contention certain decisions from other states on statutes with more or less similarity to the statute of this state are cited which tend to support the broad construction urged by petitioner. The question, however, must be decided by reference to the precise provisions of our own statute.

In *McCarthy* v. *McCarthy*, 45 R. I. 367, we held that under the statute petitioner was required to prove (1) that she is a domiciled inhabitant of this state; (2) for the two years next preceding the filing of her petition, as such domiciled inhabitant, she has, as a matter of fact, continuously resided and had her habitation in this state. "Petitioner has failed to establish the second requirement of actual as distinguished from a mere legal residence. The court was thus without jurisdiction. The two years residence required by statute is an actual residence and presence in the state for the

required period. As held in the *McCarthy* case, this statutory requirement is to be construed in a reasonable manner. An ordinary temporary absence from the state may properly be held to be no sufficient interruption of the legal continuity of actual residence. But in this case petitioner, although a domiciled inhabitant, has been absent from the state practically all of the two years preceding the filing of her petition and as a consequence the Superior Court was without jurisdiction."

The exceptions are overruled.

The cause is remitted to the Superior Court for further proceedings.

*Francis P. Dougherty*, for petitioner.