BOTTUM & TORRANCE COMPANY *v.* CONSOLIDATED YARNS, INC.

JANUARY 6, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition for a writ of certiorari praying that a portion of the record in the above-entitled case now pending in the District Court of the Sixth Judicial

District, being illegal and beyond the jurisdiction of said court, may be quashed.

It appears from the petition that the case of *Bottum & Torrance* v. *Consolidated Yarns, Inc.* was tried before a justice of said district court on October 18, 1932, on which day decision was rendered for the plaintiff in the sum of $702.06 and costs, including the costs of certain depositions; that the defendant thereafter failed to claim an appeal during the time allowed by law; that judgment was duly entered and execution issued for the amount of such judgment and costs; that on October 28 the defendant filed a written motion that execution be revoked and judgment vacated; that on November 4 the court granted the motion, reinstated the case for trial and, "further hearing appearing unnecessary," entered a new decision for the plaintiff for the same sum, and costs somewhat reduced from those in the previous judgment. On November 7 the defendant filed an appeal and paid the costs as allowed, and on the same day the petitioner herein filed this petition for certiorari, alleging the above facts and stating as causes of error that the district court had no jurisdiction to vacate its judgment, reinstate the case for trial and enter another decision, the effect of which proceedings extended beyond the statutory period the time allowed for claiming an appeal.

The question before us is to determine the power of a district court, under the circumstances disclosed by this petition, to vacate a judgment theretofore entered by said court.

It appears from the record that in the entry of the decision on November 4 the costs of certain depositions were reduced from $57.50, as allowed in the previous decision, to $42.80. The respondent contends that the first allowance of costs was erroneous and constituted such "mistake" as the court, by virtue of section 2, Chapter 344, General Laws 1923, had jurisdiction to correct, and properly accomplished by vacating the first judgment and entering the subsequent one. Said statute provides that "In case of judgment

. . . entered by mistake . . . the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order."

The petitioner urges that, as the defendant had a full right to be heard on the question of costs in said trial, the judgment was not entered by mistake, and the vacating of the same was not within the power of the district court and in effect gave the defendant the right of appeal which he had lost by not claiming the same "within two days . . . after the decision is made," as provided in Section 1, Chapter 1326, Public Laws 1929.

Section 17, Chapter 345, General Laws 1923, provides that: "All bills of costs shall be taxed by the clerks of the respective court, and, when objected to, shall be revised or approved by one of the justices of the court in which the judgment or order is entered, or by the justice of the district court, when such case is in a district court." This statute offers a litigant the right to object to any bill of costs and provides for revision or approval of the same, but failure to take advantage of this right does not constitute such "mistake" as is comprehended by the use of the word in said Chapter 344. So far as appears, the sole purpose of vacating the judgment was to revise costs, and as under said Chapter 345 the defendant had a full right to a hearing and revision thereof, vacating the judgment was unnecessary, its sole effect being to extend the time for claiming an appeal.

We have repeatedly held that courts are without the power to extend the time for filing appeals, exceptions and similar proceedings through vacating and re-entering judgment. In *Ashaway Nat'l. Bank* v. *Superior Court*, 28 R. I. 355, the court, in commenting upon the effect of vacating a decision and entering a similar one in order to allow exceptions to be established, said: "To permit this to be done

would be to nullify the statutes relating to exceptions and the procedure thereunder. Such a result is not to be tolerated." To the same effect see *Taft* v. *Ballou,* 23 R. I. 213; *Whitford, Bartlett & Co.* v. *Townsend,* 32 R. I. 392; *David* v. *David,* 47 R. I. 122.

For the reasons stated we are of the opinion that the Sixth District Court exceeded its jurisdiction in vacating the judgment of October 25, 1932, in the case of *Bottum & Torrance Company* v. *Consolidated Yarns, Inc.,* No. 170247, and all the record therein subsequent to the entry of said judgment, being illegal and beyond the jurisdiction of said court, is ordered quashed.

The papers in the case, with the decision of this court certified thereon, are ordered sent back to the District Court of the Sixth Judicial District.

*Atwood, Remington, Thomas & Levy. Ernest P. B. Atwood, Arthur J. Levy,* for petitioner.

*Ira Marcus,* for respondent.