ANTHONY FLORA *vs.* FRANCESCA VIERA FLORA.

JANUARY 9, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This case is before us on the petitioner's bill of exceptions, in which the only exception stated is to the decision of the trial justice denying and dismissing, for lack of jurisdiction over the case, a petition for an absolute divorce. The grounds stated for the exception are that "the decision is against the law" and that "it is against the evidence and the law and the weight thereof." A motion made in this court in behalf of the defendant to dismiss the bill of exceptions was denied after a hearing. *Flora* v. *Flora,* 64 R. I. 162, 10 A. 2d. 680.

The petition, based on five grounds, which we need not set forth, was filed July 27, 1938 in the name of the petitioner, acting by the guardian of his person. The reason given by the trial justice for finding the court to be without jurisdiction was that the requirements of general laws 1923, chapter 291, sec. 10, then in force, now general laws 1938, chapter 416, § 10, were not complied with. This reads as follows: "No petition for divorce from the bond of marriage shall be granted unless the petitioner shall have been a domiciled inhabitant of this state and have resided therein for

the period of two years next before the preferring of such petition: *Provided,* that if the defendant shall have been a domiciled inhabitant of this state and shall have resided in this state for the period of two years next before the preferring of such petition, and shall be actually served with process, the above requirement as to domicile and residence on the part of the petitioner shall be deemed to have been satisfied and fulfilled."

The vital question to be decided is whether the petitioner's case satisfied the *residence* requirement set forth in the first part of this section. In support of an affirmative answer to this question, the petitioner's counsel relies and must rely upon the following alleged facts, which he contends were shown by evidence or admitted to be true by counsel for the defendant, when the case was heard, upon its merits, in the superior court.

These alleged facts are that the petitioner had a domicile in the city of Providence in this state on November 22, 1921, the date on which a guardian was appointed over his person by the court exercising probate jurisdiction in that city; that on June 19, 1924, because he was of unsound mind and had been in the military service of this country in the World War and was therefore under its laws entitled to free hospitalization, he was placed, for care and treatment for mental disease, in a hospital maintained by the federal government of this country and located in the commonwealth of Massachusetts; and that he had remained there continuously from that time to the time of the filing of the divorce proceeding now before us, and during that interval had never actually lived in Rhode Island, though his legal domicile remained in the city of Providence.

In *McCarthy* v. *McCarthy,* 45 R. I. 367, 122 A. 529, an uncontested petition for a divorce was denied by the superior court on the ground that the evidence did not prove that the above-stated statutory requirement as to the domi-

cile and residence of the petitioner had been satisfied. In sustaining this decision, this court, at page 369, (531), says: "Under the statute the petitioner must prove (1) that she is a domiciled inhabitant of this state; (2) for the two years next preceding the filing of her petition, as such domiciled inhabitant, she has as a matter of fact continuously resided and had her habitancy in this state."

At page 370, (531), this court says: "Assuming that petitioner did intend to become a domiciled inhabitant of this state in good faith, she did not continue to maintain her residence for the required length of time. . . . Not every departure and absence from the state is to be held as a legal interruption of the continuity of residence required by the statute. The legal effect of such absence in each case is to be considered in view of all the facts. But in this case the petitioner actually lived within the state only a relatively small part of each year."

In *Doerner* v. *Doerner*, 46 R. I. 41, 124 A. 728, an uncontested petition for divorce, based on the ground of neglect to provide, was, after a hearing, denied by the superior court because of lack of jurisdiction. That court found that the petitioner was a domiciled inhabitant of this state, when the petition was filed; but that she had not resided herein for the period of two years next before the filing of the petition.

That decision was sustained by this court, quoting with approval the following language: "The two years residence required by statute is an actual residence and presence in the state for the required period. . . . An ordinary temporary absence from the state may properly be held to be no sufficient interruption of the legal continuity of actual residence. But in this case petitioner, although a domiciled inhabitant, has been absent from the state practically all of the two years preceding the filing of her petition and as a consequence the superior court was without jurisdiction."

In the instant case there is no evidence from which it could be found that the petitioner resided in this state, within the meaning of the statutory requirement as to residence, for the period of two years next before the preferring of his petition for divorce. On the contrary, everything in the case which has any bearing on the question of actual residence by the petitioner in this state supports the conclusion that he did not reside here *at any time* between June 19, 1924, when he entered the hospital in Massachusetts, and the filing of his petition in this case.

It is obvious from the evidence and the admissions of the parties that the *defendant* had not resided in this state for the required period of two years next before the preferring of the petition, within the meaning of the language of the *proviso* in the statutory section above quoted. Therefore jurisdiction by the court could not be based on this *proviso*.

Our conclusion is, then, that the trial justice was correct in his decision, in which he denied and dismissed the petition because the superior court was without jurisdiction to grant it.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Edward M. Sullivan,* for petitioner.

*Raoul Archambault,* for respondent.