289 A.2d 56.

JOSEPH FERRANTI *et al. vs.* M. A. GAMMINO CONSTRUCTION COMPANY *et al.*

MARCH 31, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. Each of the defendants in a civil action in the District Court, Third Division, entitled Joseph Ferranti and Leucadia J. Ferranti v. M. A. Gammino Construction Company and Chicago Bridge & Iron Company, C. A. No. 70-1359 has applied for certiorari to review the proceedings in that case. We ordered the writs to issue. 109

R. I. 924, 283 A.2d 473, as amended by 109 R. I. 928, 283 A.2d 479 (1971).

The case we review was tried on its merits in the District Court, Third Division, on August 10, 1971. After plaintiffs had presented their case the judge presiding at the trial granted defendants' motion to dismiss.[1] The plaintiffs, then unaware that a dismissal at that stage of the proceedings in effect constituted an appealable judgment, did not claim an appeal to the Superior Court from the dismissal order within the two-day appeal period fixed by G. L. 1956 (1969 Reenactment) §9-12-10, as amended by P. L. 1969, ch. 239, sec. 9. They now agree, however, that the dismissal operated as an adjudication on the merits under Dist. R. Civ. P. 41(b)(3) and could, therefore, have been appealed. Nonetheless, they attempt to explain, as well as to excuse, their failure to appeal by arguing that the trial judge shared their doubts on appealability and that pending a resolution of those doubts they relied upon his alleged assurance that he would "protect counsel's right to appeal."

In an attempt to effectuate that assurance plaintiffs thereafter moved to vacate the dismissal order. That motion was heard on September 7, 1971, and on September 9, 1971 the following actions were taken: the dismissal order was vacated, the earlier judgment for defendants was re-entered, and plaintiffs were given "48 hours within which to take their appeal." Within the time fixed an appeal was claimed, and the papers in the case were thereupon certified and

---

[1]The apparent basis for their motion was Dist. R. Civ. P. 41(b)(2) which, in pertinent part, provides:

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence, in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence."

transmitted to the clerk of the Superior Court in Kent County. At that point each of the defendants in the civil action moved in this court for leave to file a petition for a writ of certiorari and we granted the motions and ordered the writs to issue.

The only question is whether the District Court was authorized to vacate its prior dismissal in order to afford plaintiffs an opportunity to claim an appeal. That question requires no extended discussion for it has long been settled that the courts of this state lack jurisdiction to vacate and then to re-enter a judgment as a means of extending the time allowed under the applicable statutory limitation for the claiming of an appeal. *Bottum & Torrance Co.* v. *Consolidated Yarns, Inc.*, 53 R. I. 50, 163 A. 544 (1933). Yet the parties agree that this is exactly what was attempted in this case. To permit its accomplishment, however, would have the effect of enabling a District Court judge to modify and enlarge the applicable statute by judicial fiat. That is clearly beyond his power. *Whitaker* v. *Bliss*, 23 R. I. 313, 50 A. 266 (1901).

The plaintiffs advance several arguments in a vain attempt at justifying the challenged procedures. None are apposite, and the only one we even briefly refer to in passing is the contention that §9-21-1 authorizes the trial judge to enter, vacate and then re-enter the judgment of dismissal. While §9-21-2 lists with specificity a number of reasons which will permit a court to relieve a party "from a final judgment, order, decree or proceeding entered therein," none of those reasons were available in this case.

The petition for certiorari is granted; the September 9, 1971 order vacating the dismissal order, as well as all subsequent actions taken in the case by the District Court,

Third Division, are quashed; and the records certified here by the clerk of the Superior Court in Kent County and by the clerk of the District Court, Third Division, are ordered returned to the clerks from whom they came with our decision endorsed thereon.

*D. A. St. Angelo,* for plaintiffs.

*Carroll, Kelly & Murphy, C. Russell Bengtson,* for M. A. Gammino Construction Company; *Higgins, Cavanagh & Cooney, John T. Walsh, Jr.,* for Chicago Bridge and Iron Company.