Barbara A. ROGERS

v.

Robert F. ROGERS.

No. 2010–106–Appeal.

Supreme Court of Rhode Island.

April 18, 2011.

Richard E. Upgrove, Jr., Esq., for Plaintiff.

David S. Slepkow, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice GOLDBERG, for the Court.

This case came before the Supreme Court on March 2, 2011, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant, Robert F. Rogers (defendant or Robert), appeals from a Family Court judgment that dismissed the divorce complaint filed by his wife, the plaintiff, Barbara A. Rogers (plaintiff or Barbara), as well as the defendant's counterclaim for divorce, for lack of subject-matter jurisdiction. For the reasons below, we vacate the judgment.

## Facts and Travel

On May 1, 2009, Barbara filed a divorce complaint against her husband, Robert, in the Newport County Family Court. At the time she filed the complaint, Barbara lived at the parties' marital residence in Newport, Rhode Island, with their minor son. It is undisputed that Barbara was a domiciled inhabitant of Rhode Island and had resided therein for at least one year prior to the filing of the complaint. Robert did not reside in Rhode Island at the time Barbara filed the complaint, having already relocated to New Jersey. Accordingly, Robert was served with the complaint at his New Jersey residence on May 14, 2009. Robert then filed a counterclaim for divorce on June 4, 2009. Discovery and pretrial conferences ensued until it was disclosed to the court that the marital residence in Newport, Rhode Island, had been sold in September 2009, and that Barbara thereafter had relocated to Pennsylvania. Upon learning that neither party resided in Rhode Island, it appears that the court, *sua sponte*, raised the issue that the Family Court no longer likely was vested with subject-matter jurisdiction. Robert then filed a motion seeking a declaration that the Family Court retained subject-matter jurisdiction over this divorce action, despite Barbara's relocation to Pennsylvania.

The trial justice disagreed, and in a bench decision dismissed the divorce action for lack of subject-matter jurisdiction, finding that "neither party resides in Rhode Island * * * [and] [t]here is no proof * * * that Barbara * * * intends to make

Rhode Island her home. In fact, she has left."

On appeal, Robert argues that the trial justice erred in dismissing the complaint based on lack of subject-matter jurisdiction because he contends that at the time the compliant was filed Barbara met the requirements of G.L.1956 § 15–5–12(a)— that is, at the time the complaint was filed, plaintiff was a domiciled inhabitant of Rhode Island and had resided in the state for one year immediately preceding the filing. Therefore, defendant argues that the fact that Barbara relocated to Pennsylvania after the complaint was filed does not deprive the Family Court of subject-matter jurisdiction. We agree.

### Standard of Review

■■■ A claim of lack of subject-matter jurisdiction "questions the very power of the court to hear the case. It is an axiomatic rule of civil procedure that such a claim * * * may be raised at any time in the proceedings." *Pine v. Clark,* 636 A.2d 1319, 1321 (R.I.1994). Because subject-matter jurisdiction is "an indispensable ingredient of any judicial proceeding," it can be raised *sua sponte* by the court. *Paolino v. Paolino,* 420 A.2d 830, 833 (R.I.1980). Accordingly, subject-matter jurisdiction cannot be "waived nor conferred by consent of the parties." *Id.* The Supreme Court reviews *"de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Long v. Dell, Inc.,* 984 A.2d 1074, 1078 (R.I.2009).

### Analysis

■■■ This Court consistently has stated that once a court's subject-matter jurisdiction properly has been invoked, it is virtually impossible to divest the Court of such jurisdiction. *Astors' Beechwood v. People Coal Co.,* 659 A.2d 1109, 1114 (R.I.1995). In the case at bar, it is undisputed that the Family Court had subject-matter jurisdiction over the divorce complaint when it was filed. The issue before the Court is whether Barbara's relocation to Pennsylvania approximately four months after the divorce complaint was filed divested the Family Court of the jurisdiction that it already had acquired and exercised in this case. It is our task to determine whether § 15–5–12(a) deprives the Family Court of subject-matter jurisdiction when a party moves to another state while the case is pending, and neither party is a resident or a domiciled inhabitant of Rhode Island.

The Family Court was established by the General Assembly as a court of limited jurisdiction. G.L.1956 § 8–10–3. Under § 8–10–3(a), the Family Court has the authority to "hear and determine all petitions for divorce[.]" Specifically, subject-matter jurisdiction with respect to petitions for divorce is governed by § 15–5–12(a), which provides in pertinent part:

"No complaint for divorce from the bond of marriage shall be granted unless the plaintiff has been a domiciled inhabitant of this state and has resided in this state for a period of one year next before the filing of the complaint * * *."

■■■ "It is well settled that when the language of the statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Waterman v. Caprio,* 983 A.2d 841, 844 (R.I.2009) (quoting *Iselin v. Retirement Board of the Employees' Retirement System of Rhode Island,* 943 A.2d 1045, 1049 (R.I.2008)). We thus turn to the plain and ordinary meaning of § 15–5–12(a).

### I

### Interpretation of § 15–5–12(a)

■■■ Section 15–5–12(a) plainly states that a divorce complaint will not be granted unless a plaintiff *"has been* a domiciled

inhabitant of this state and *has resided* in this state for the period of one year next before the filing of the complaint * * *." (Emphases added.) This language does not require that the party remain a domiciled inhabitant or resident of the state for the petition to be granted; rather, the statute refers to the domicile and residence of the plaintiff at the time the divorce complaint is filed. To meet the domiciliary requirement, a plaintiff must have "an actual abode in the state" with the good faith intention of living in this state permanently, and with no "intention of changing the home in the future." *McCarthy v. McCarthy*, 45 R.I. 367, 369, 122 A. 529, 531 (1923). Absent such intention, "actual residence" is insufficient to establish domicile. *Id.*

 In contrast, § 15–5–9, which governs divorce from bed and board, employs present-tense language requiring that a plaintiff "*is* a domiciled inhabitant of this state[.]" (Emphasis added.) When contrasted with § 15–5–12(a), this disparate language satisfies us that in requiring a plaintiff to be a domiciled inhabitant of Rhode Island and a resident of this state for one year prior to the commencement of the action, the state legislature intended that subject-matter jurisdiction be established at the inception of the case, not at its conclusion.

This Court faced a similar issue in *Jewell v. Jewell*, 751 A.2d 735 (R.I.2000). In *Jewell*, after the plaintiff filed for divorce in this state, he became unsatisfied with the course of the proceedings and asserted that he was a resident of another state. He then sought an expedited dissolution of his marriage in the Dominican Republic. This Court held that the plaintiff "may not now assert that the Family Court is deprived of jurisdiction over this divorce simply because it may be easier and more expeditious to seek a divorce in another jurisdiction." *Id.* at 738. We declared that, because the plaintiff had filed a compliant for divorce in this state and "availed himself of * * * [this state's] judicial resources," he was estopped from asserting a different state of domicile and residency simply to deprive the Family Court of subject-matter jurisdiction over his divorce complaint in this state. *Id.*

 To construe § 15–5–12(a) as requiring that a plaintiff who files a divorce complaint remain a "domiciled inhabitant" until the decree is entered would produce an unjust result that we decline to impose. *See Brennan v. Kirby*, 529 A.2d 633, 637 (R.I.1987) (a statute may not be construed in a way that would create an absurd result or defeat the underlying purpose of the enactment). Accordingly, we hold that once a complaint for divorce properly is filed in Family Court, the Family Court is not divested of subject-matter jurisdiction merely because the plaintiff has moved out of the state and changed his or her domicile. To hold otherwise would allow a plaintiff who is dissatisfied with the course of the divorce proceeding in this state to forum shop his or her complaint in another jurisdiction. Whether the party relocates in good faith or otherwise matters naught; a change in domicile does not terminate the jurisdiction of the Family Court to hear and decide the case before it.

## Conclusion

We thus are satisfied that the plaintiff's relocation to Pennsylvania after she filed the complaint for divorce does not deprive the Family Court of subject-matter jurisdiction over this divorce action. The judgment of the Family Court is vacated and the papers in this case are remanded to the Family Court.