### No. 2013–342 M.P.

Supreme Court of Rhode Island.

Nov. 14, 2013.

David Curtin.

Thomas G. Gulick, Chief Disciplinary Counsel.

### ORDER

■

### In re KYLA C.

### No. 2011–98–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 2013.

Karen A. Clark, Department of Children, Youth & Families.

Shella R. Katz, Court Appointed Special Advocate.

Janice M. Weisfeld, Department of the Public Defender.

### ORDER

This case came before the Court for oral argument on October 3, 2013, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The respondent, Christopher Bowen, appeals from a Family Court order granting the guardian ad litem's motion to dismiss his appeal. After hearing the arguments of counsel and reviewing the parties' memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The pertinent facts are as follows.

On June 30, 2009, after a bench trial, the Family Court issued a decree terminating respondent's parental rights to his daughter Kyla C. (Kyla). On June 8, 2010, almost one year after entry of the termination decree, the Family Court granted respondent's pro se "Motion to Proceed *in Forma Pauperis* – Transcript."[1] On August 3, 2010, the Family Court, in order to allow the pro se respondent to file a timely notice of appeal, vacated the termination of parental rights decree, dated June 30, 2009, and issued a new termination decree. The respondent then filed a notice of appeal on the same day.

On October 26, 2010, the guardian ad litem filed a motion to dismiss respondent's August 3, 2010 appeal, claiming that respondent had failed to timely transmit the record to the Supreme Court within sixty days and had not sought an extension of time, as required by Article I, Rule 11 of the Supreme Court Rules of Appellate Procedure. The guardian ad litem also argued that further delays would not serve the best interests of Kyla. At a hearing on November 16, 2010, respondent, represented by counsel, objected to the motion to dismiss. The respondent's counsel stated that respondent indicated that he had ordered a transcript, but respondent was "not certain what happened." Alternatively, respondent's counsel argued that, even assuming respondent had never ordered the transcript, respondent had been continuously incarcerated since August 28, 2010, and requested a reasonable extension of time to order the transcript.

The Family Court justice stated that, under Rhode Island case law, "the fail[ure] to file a transcript is grounds for dismissal" and respondent had also failed to file a motion for an extension of time. Thus, the Family Court justice ordered that respondent's August 3, 2010 appeal be dismissed. A decree to that effect entered on November 23, 2010. On December 10, 2010, respondent filed a timely notice of appeal from the November 23, 2010 Family Court decree dismissing his appeal.

Initially, we note that respondent's appeal is precluded by our well-established rule that "the courts of this state lack jurisdiction to vacate and then to re-enter a judgment as a means of extending the time allowed under the applicable statutory limitation for the claiming of an appeal."[2] *Ferranti v. M.A. Gammino Construction Co.,* 109 R.I. 634, 636, 289 A.2d 56, 57 (1972) (citing *Bottum & Torrance Co. v. Consolidated Yarns, Inc.,* 53 R.I. 50, 52, 163 A. 544, 545 (1933)).

As we have explained, to permit a lower court justice to vacate and reenter an order to render an untimely appeal timely "would have the effect of enabling a * * * judge to modify and enlarge the applicable statute by judicial fiat. That is clearly beyond his power." *Ferranti,* 109 R.I. at 636, 289 A.2d at 57. The June 30, 2009 decree was vacated on August 3, 2010 and the new decree terminating respondent's parental rights was entered on the same day. The Family Court justice stated at the November 16, 2010 hearing that the previous June 30, 2009 decree "was vacated to allow [respondent] sufficient time and opportunity to appeal." Accordingly, the Family Court justice exceeded his au-

---

1. In his form motion, respondent indicated that he was requesting a transcript for a hearing that was held on June 8, 2010. This appears to have been an error.

2. This Court has previously held that subject matter jurisdiction may be raised at any time, and it can be raised *sua sponte. See Rogers v. Rogers,* 18 A.3d 491, 493 (R.I.2011). Thus, it cannot be "waived nor conferred by consent of the parties." *Id.* (quoting *Paolino v. Paolino,* 420 A.2d 830, 833 (R.I.1980)).

thority in vacating the June 30, 2009 decree and entering a new one. Therefore, we shall not entertain respondent's appeal because it is not properly before us.

We note, however, that even if we were to address respondent's contention on appeal, we are of the opinion that the Family Court justice did not abuse his discretion in granting the guardian ad litem's motion to dismiss respondent's appeal. We have previously stated that "Article I, Rule 3(a) of the Supreme Court Rules of Appellate Procedure 'empowers [a] trial justice to dismiss an appeal for failure to comply with [Rules 10(b)(1) and 11].' " [3] *Pelosi v. Pelosi,* 50 A.3d 795, 798 (R.I.2012) (quoting *Estate of Mitchell v. Gorman,* 970 A.2d 1, 5 (R.I.2009)). This Court will reverse a trial justice's dismissal of an appeal "only upon a finding that the [trial] justice abused his or her discretion." *Id.* (quoting *Small Business Loan Fund Corp. v. Gallant,* 795 A.2d 531, 532 (R.I.2002)).

In "determin[ing] whether there has been an abuse of discretion, 'we adhere to the standard used in granting extensions of time for transmission of the record[,][a]s provided in Supreme Court Rule 11(c) * * *.' " *Daniel v. Cross,* 749 A.2d 6, 9 (R.I.2000) (quoting *Armstrong v. Armstrong,* 115 R.I. 144, 146, 341 A.2d 37, 39 (1975)). Rule 11(c) allows for an extension of time when "the inability of the appellant to cause timely transmission of the record is due to causes beyond his or her control or to circumstances which may be deemed excusable neglect." "To establish excusable neglect, a litigant must show 'that the ne-

glect * * * was occasioned by some extenuating circumstances of sufficient significance to render it excusable.' " *Daniel,* 749 A.2d at 9 (quoting *Fields v. S. & M. Foods, Inc.,* 105 R.I. 161, 162, 249 A.2d 892, 893 (1969)). This Court has defined "excusable neglect"

> "as neglect 'occasioned by some extenuating circumstances of sufficient significance to render it excusable,' * * * as 'a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party,' * * * and as 'that course of conduct that a reasonably prudent person would take under similar circumstances[.]' " *Business Loan Fund Corp.,* 795 A.2d at 533 (quoting *Daniel,* 749 A.2d at 9).

Here, the respondent has not asserted any type of "excusable neglect" other than that, as a pro se litigant, he did not understand that he was required to order a transcript in addition to filing his *in forma pauperis* motion. We conclude that this does not support a finding of excusable neglect because "[e]ven if a litigant is acting pro se, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Sentas v. Sentas,* 911 A.2d 266, 271 (R.I. 2006) (quoting *Faerber v. Cavanagh,* 568 A.2d 326, 330 (R.I.1990)).[4]

---

**3.** There was no evidence presented at the November 16, 2010 hearing to suggest that respondent properly followed Article I, Rule 10(b)(1) of the Supreme Court Rules of Appellate Procedure by ordering any transcripts within twenty days of filing his notice of appeal on August 3, 2010. There is also no evidence to suggest that respondent followed Article I, Rule 11(a) of the Supreme Court

Rules of Appellate Procedure, which requires that any "transcript necessary for the determination of the appeal * * * be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal * * *."

**4.** The respondent was acting *pro se* by his own choice, discharging at least five court-

For the reasons stated, the respondent's appeal is denied and dismissed.

appointed attorneys prior to the November 16, 2010 hearing.