J. S07033/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID JOSEPH BAATZ, | : | No. 2328 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 26, 2017,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0000893-1986

BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 16, 2018**

David Joseph Baatz appeals **pro se** from the June 26, 2017 order entered in the Court of Common Pleas of Lehigh County pursuant to the Post-Conviction Relief Act[1] ("PCRA") that denied his "petition for writ of **habeas corpus ad subjiciendum**" for lack of jurisdiction.  We affirm.

The PCRA court set forth the following:

> On December 9, 1986, the appellant entered a guilty plea to Kidnapping, Rape, Robbery, Involuntary Deviate Sexual Intercourse (hereinafter IDSI), Unauthorized Use of a Motor Vehicle, and Accidents Involving Damage to Unattended Vehicle or Property.[2]  The appellant admitted to beating, robbing, and raping the victim after kidnapping her.  Her abduction was facilitated with her own car.  On

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2901(a)(2), 3121(1), 3701(a)(1)(i), 3123, 3928, and 3743, respectively.

January 29, 1987, the Honorable James N. Diefenderfer sentenced the appellant to not less than twenty-five (25) nor more than fifty (50) years in a state correctional institution.

On April 19, 1987, the appellant filed a post-sentence motion seeking to withdraw his guilty plea and have his sentence vacated. On June 9, 1989, a hearing was held on that motion, and it was subsequently denied. An appeal to the Superior Court was filed, which was treated as a first petition under the Post Conviction Relief Act (hereinafter PCRA). In an opinion dated October 24, 1990, the Superior Court affirmed the trial court's denial of the motion.[Footnote 1] The appellant filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by the Court on July 18, 1991.[Footnote 2]

> [Footnote 1] ***Commonwealth v. Baatz***, 3315 PHL 1989 (Pa.Super. October 29, 1990).

> [Footnote 2] ***Commonwealth v. Baatz***, 1038 MD 1991 (Pa. July 18, 1991).

The appellant filed a second petition under the PCRA on November 22, 1992, raising almost all of the same issues as the first PCRA petition. A hearing was held on January 9, 1995, and President Judge Diefenderfer issued an opinion denying the appellant's second petition on March 29, 1995. A third PCRA petition was filed on June 27, 1997, and was assigned to the Honorable Carol K. McGinley. Judge McGinley denied the petition as untimely on August 18, 1997. The Superior Court affirmed the denial of the petition, issuing an order and opinion on May 12, 1998.[Footnote 3] The appellant again filed a Petition for Allowance of Appeal to the Supreme Court, but it was denied on December 15, 1998.[Footnote 4]

[Footnote 3] ***Commonwealth v. Baatz***, 4594 PHL 1997 (Pa.Super. May 12, 1998).

[Footnote 4] ***Commonwealth v. Baatz***, 467 MD 1998 (Pa. December 15, 1998).

On August 21, 1998, during the pendency of his petition with the Supreme Court, the appellant filed a Petition for Leave to Appeal ***Nunc Pro Tunc***. A hearing on the petition was held before the Honorable William E. Ford, during which the Court determined that the appellant was not afforded the assistance of counsel to file an appeal of his first PCRA petition within the statutory guidelines. On October 30, 2000, the appellant was granted leave to file a Notice of Appeal ***Nunc Pro Tunc*** challenging the denial his first PCRA petition, and counsel Albert Nelthropp was appointed to represent the appellant. The Notice of Appeal was thereafter filed on November 24, 2000. On October 1, 2001, the Superior Court dismissed the appeal.[Footnote 5]

[Footnote 5] ***Commonwealth v. Baatz***, 101 EDA 2001 (Pa.Super. October 1, 2001).

The appellant's most recent petition was filed on May 4, 2017, and called a "Petition for Writ of ***Habeas Corpus Ad Subjiciendum***." It is alleged that his sentence is null and void for vagueness. Although styled as a petition for writ of ***habeas***, it was treated as a petition under the PCRA. As a result, this Court issued a notice pursuant to Pa.R.Crim.P. Rule 907(1) on June 2, 2017, giving the appellant twenty (20) days to respond. The petitioner filed a response on June 16, 2017, but failed to support any meritorious issues. This Court dismissed the appellant's fourth PCRA petition without a hearing on June 26, 2017.

On July 18, 2017, the appellant filed the present Notice of Appeal. The notice indicates that the appellant is appealing the Order entered on

> June 26, 2017, which denies his fourth petition under the PCRA. This Court ordered the appellant to file a Concise Statement of Matters Complained of On Appeal (hereinafter Concise Statement). The appellant timely filed his Concise Statement on July 28, 2017, alleging that this Court erred in treating his petition as one cognizable under the PCRA. He further alleges that if his claim does fall under the PCRA, this Court erred in determining that it was without jurisdiction to adjudicate the claim.

Trial court opinion, 8/28/17 at 1-3 (footnotes 6 and 7 omitted; emphasis supplied).

Appellant raises the following issues for our review:

> I. Whether the lower court erred, as a matter of law, in treating appellant's petition for writ of **habeas corpus** as a petition arising under the [PCRA]?
>
> II. Whether the lower court erred, as a matter of law[,] in determining it was without jurisdiction to adjudicate appellant's claims on the merits?

Appellant's brief at 4 (capitalization omitted; emphasis supplied).

With respect to appellant's first issue, the trial court properly treated appellant's petition for writ of **habeas corpus** as a serial PCRA petition because the PCRA is the sole means by which a defendant may obtain collateral relief and subsumes the remedy of **habeas corpus** with respect to remedies offered under the PCRA. 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . , including **habeas corpus**"); **see also Commonwealth v. Descardes**, 136

A.3d 493, 497-498 (Pa. 2016) (same; citing 42 Pa.C.S.A. § 9542). As a result, appellant's first claim necessarily fails.

In his second issue, appellant claims that "[p]rior assertions by appellate courts of this Commonwealth that the PCRA's time-bar is jurisdictional in nature are <u>dicta</u>, contrary to legislative intent, and contradict the basic rules of statutory construction." (Appellant's brief at 17; underscore in original.) Appellant is mistaken.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on January 29, 1987. Appellant failed to file a direct appeal to this court, and consequently,

appellant's judgment of sentence became final on March 2, 1987, thirty days after imposition of sentence and the time for filing a direct appeal expired.[3] *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed July 18, 2017, more than 30 years after his judgment of sentence became final, is facially untimely. Therefore, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a

---

[3] We note that because February 28, 1987 fell on a Saturday, appellant had until the next business day, Monday, March 2, 1987, to file his PCRA Petition. *See* 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period [of time under a statute] shall fall on Saturday or Sunday . . . such day shall be omitted from the computation.").

valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant advances no claim that a jurisdictional time-bar exception applies. Rather, he claims that his sentence is illegal and void for vagueness because the trial court failed to impose a specific sentence on each count. (Appellant's brief at 25.) It is well settled, however, that "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." **Commonwealth v. Grafton**, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999); **Commonwealth v. Beck**, 848 A.2d 987 (Pa.Super. 2004). Consequently, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/16/18</u>